UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

In re:

JENNIFER McKINNEY AND
ISRAEL McKINNEY

Debtors.

Case No. 22-11558
Chapter 13
Hon. Rachel M Blise

## UNITED STATES' MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO ENFORCE PRE-PETITION LEVY

The United States of America, on behalf of the Internal Revenue Service (IRS),
hereby moves under 11 U.S.C. § 362(d) to enforce its pre-petition levy on the money the
Chapter 13 trustee received in Debtor Jennifer McKinney's recently dismissed Chapter
13 case, W.D. Wis. Bankr. Case No. 22-10661.

### FACTS

1.      On April 27, 2022, Debtor Jennifer McKinney filed for chapter 13 bankruptcy
protection. Ms. McKinney has significant tax liability, totaling $1,408,232.46, and the IRS
has filed tax liens related to that liability, as evidenced by the IRS's proof of claim in
Case No. 22-10661. Because Ms. McKinney's debts exceeded the debt limits for Chapter
13 cases on the date she filed, the Court dismissed Case No. 22-10661, on September 20,
2022.

2.      The Chapter 13 Trustee is holding pre-confirmation payments (the "Funds")
received from Ms. McKinney during her recently dismissed Chapter 13 case.

3.      On September 23, 2022, IRS notified the Chapter 13 Trustee of a levy on those
Funds.

4.      Debtors Israel McKinney and Jennifer McKinney filed the present Chapter 13

case on September 27, 2022.

5.      Debtors' counsel contacted IRS and the undersigned on September 28, 2022,

asking that IRS release its pre-petition levy on the Funds.

6.      IRS now files this motion, seeking relief from the automatic stay to enforce its

levy because the Funds are the IRS's cash collateral and Debtors are unable to provide

IRS with adequate protection for this collateral, as required under 11 U.S.C. §§ 361 and

363.

## ARGUMENT

7.      Under 11 U.S.C. § 1326(a)(2), the Chapter 13 Trustee is required to return all pre-

confirmation payments to a debtor. Accordingly, Ms. McKinney's right to payment

under § 1326(a)(2) is a "right to property," subject to a federal tax lien under 26 U.S.C. §

6321. The United States' tax liens attach to the right of payment by the Trustee to Ms.

McKinney, and the IRS is entitled to levy against the same.

8.      The Ninth Circuit has recognized the IRS's right to levy on funds payable to a

debtor under § 1326(a)(2). *In re Beam*, 192 F.3d 941, 944 (9th Cir. 1999).

9.      "A pre-petition tax levy … give[s] the IRS a secured interest in the property of

the debtor. Under Sections 363 and 361 of the Bankruptcy Code, the IRS is entitled to

adequate protection of this interest." *Matter of Creel*, 214 B.R. 838. 841 (Bankr. E.D. La.

1997) (citing *United States v. Whiting Pools, Inc.*, 462 U.S. 198 (1983)).

10.      Debtors are prohibited from using the IRS's cash collateral, such as the Funds,

without providing the IRS adequate protection. 11 U.S.C. § 363(c)(2)(B), (e).

11.     Adequate protection can take various forms, including cash or periodic

payments or a replacement lien. 11 U.S.C. § 361.

12.     In the present case, there is "cause" for relief from the automatic stay because

Debtors have not proposed and cannot provide adequate protection to IRS in return for

letting them use the Funds. Debtors may argue that their Chapter 13 plan (not yet filed)

will propose to pay IRS on its claim, so IRS should not be entitled to enforce its levy on

the Funds. However, at least one court has held that when the subject collateral is cash,

proposed payment in a Chapter 13 plan is insufficient to adequately protect the IRS:

> It is quite possible that as soon as the IRS pays these funds, … the Debtor
> could dismiss the case… . We are not dealing with a piece of tangible
> personal property here, such as an automobile, but rather with cash. If it
> was just an automobile, the Debtor's plan may very well provide adequate
> protection. But when the property at issue is cash, it is very difficult for
> this Court to find that a promise to pay the cash in the future is adequate
> protection for a creditor with the cash in hand at present.

*In re Hooper*, 152 B.R. 309, 310 (Bankr. Colo. 1993).

13.     Debtors also cannot rely on a replacement lien for adequate protection. IRS's lien

already attaches to "all property and all rights to property," so there is no added

protection on giving the government a new lien on property it already encumbers. 26

U.S.C. § 6321.

14.     Moreover, with the collateral at issue being cash, there is a real threat to the

declination of value, further establishing cause for relief from the automatic stay under

11 U.S.C. § 362(d)(1). *Wilmington Trust Co. v. AMR Corp. (In re AMR Corp.)*, 490 B.R. 470,

477 (S.D.N.Y 2013) (creditor seeking relief from the stay must establish that there is a

decline in value of the collateral, or at least a threat of declination). As alluded to in the

*Hooper* case, cash is the most liquid type of asset. *Hooper*, 152 B.R. at 310. Debtors could

voluntarily dismiss this case at a moment's notice and retain the approximate $38,000

the Chapter 13 Trustee is holding for themselves. Given the Debtors' massive tax

liability and poor history of paying their taxes, it is reasonable for the IRS to presume

that if the Debtors were to spend such Funds, it would not be to pay down IRS's tax

claim.

WHEREFORE, the United States requests that the Court lift the automatic stay so

that IRS may enforce its pre-petition levy on the Funds the Chapter 13 Trustee is

holding from Case No. 22-10661.

Dated this 29th day of September, 2022.

Respectfully Submitted,

TIMOTHY M. O'SHEA
United States Attorney

By:

*/s/Theresa M. Anzivino*
Theresa (Esa) M. Anzivino
Assistant United States Attorney
Western District of Wisconsin
222 W. Washington Avenue, Ste 700
Madison, WI  53703
Phone:  (608) 250-5454
theresa.anzivino@usdoj.gov