## UNITED STATES BANKRUPTCY COURT FOR
## THE WESTERN DISTRICT OF WISCONSIN

In Re:  In Bankruptcy No:

**ISRAEL MCKINNEY**
**JENNIFER MCKINNEY**

Debtors.  Case No: 22-11558(Chapter 13)

## MOTION TO QUASH PRE-PETITION LEVY ISSUED BY THE INTERNAL REVENUE SERVICE ON THE CHAPTER 13 TRUSTEE AND MOTION TO PROHIBIT CHAPTER 13 TRUSTEE FROM DISBURSING FUNDS UNDER INTERNAL REVENUE SERVICE LEVY

Israel and Jennifer McKinney, Debtors by their attorneys, PITTMAN & PITTMAN LAW OFFICES, LLC by Greg P. Pittman, hereby move the Court for an order to quash a levy that was issued by the Internal Revenue Service ("IRS") and freeze the Debtor's proceeds that are currently being held by Mark Harring, Chapter 13 Trustee ("Trustee").

Jennifer McKinney had filed a previous chapter 13 case (Case #22-10661) that was dismissed by the Court because it was ultimately determined that she was not eligible due to the debt limits in place as of the filing date of the previous case. The case was dismissed by the Court on September 21, 2022. At the time the case was dismissed, the Debtor had accumulated funds in the amount of $38,326.92 being held with the Trustee. The Trustee's office has stated that the funds were not released and upon information and belief, the funds are still held by the Trustee at the time this Motion was drafted.

The Debtor was made aware of a levy being issued on the Trustee in an attempt for the IRS to seize the Debtor's funds that are currently being held by the Trustee. The Debtor (and her husband) filed a new chapter 13 on September 27, 2022 under the case caption above. Upon the

filing of this chapter 13, the automatic stay is in place under Bankruptcy Code §362(a) and the funds held by the Trustee are the Debtor's property and is now property of the estate under Bankruptcy §541(a). The IRS cannot avoid the plain meaning of the bankruptcy laws in an attempt to keep the funds. Property, whether tangible or intangible, levied upon pre-petition but not yet transferred before the bankruptcy is filed, is property of the bankruptcy estate and subject to turnover to the applicable trustee. (see *United States v. Whiting Pools, Inc*., 462 US 198 (1983).

The undersigned has contacted the IRS (by email and through IRS counsel to Attorney Esa Anzivino and Attorney Allison Kruschke) on September 28 and again on September 29. The emails to IRS counsel to relay the filing information and request the release of the levy were not responded to until a Motion for Relief was filed contemporaneously with a response.

The undersigned has also been in contact with Mark Harring and the Trustee's office regarding the funds held from the previous case. The undersigned is under the belief that the Trustee is still holding the funds (no communication provided that funds were released) and the initial intention of the Trustee is that the funds were to be released to the IRS.

Since the chapter 13 has been filed, the bankruptcy prevents the levy from being followed and enforced because the post-petition transfer of funds would be a violation of the automatic stay. Since the IRS has chosen to not respond to my emails, the Debtors have no choice but to seek Court intervention to quash the IRS due to the automatic stay. Further, under the threat of the levy being followed post-petition with the potential to transfer the funds from the Trustee to the IRS, the Debtors are seeking an order that the Trustee is prohibited from transferring the funds to the IRS and those funds should remain held by the Trustee.

The Debtors owe a significant amount of back taxes to the IRS and are attempting to file the chapter 13 in good faith to find a path forward to pay these taxes. The Debtors are relying on these funds to make chapter 13 plan payments, including but not limited to adequate protection to the IRS. The release of these funds would cause an irreparable harm to the Debtors if the levy is honored post-filing.

**Dated this  29th  day of September, 2022 at La Crosse, Wisconsin.**

**PITTMAN & PITTMAN LAW OFFICES, LLC.**

By:    s/Greg P. Pittman
**Greg P. Pittman**
**Attorney for Debtors**
**Attorney No. 1073787**
**712 Main Street**
**La Crosse, WI  54601**
**(608) 784-0841**