UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

In re:

JENNIFER McKINNEY and
ISRAEL McKINNEY,

Debtors.

Case No. 22-11558
Chapter 13
Hon. Rachel M Blise

**UNITED STATES' SUPPLEMENTAL RESPONSE AND OBJECTION TO DEBTORS' MOTION FOR CONTINUANCE OF AUTOMATIC STAY PURSUANT TO BANKRUPTCY CODE SECTION 362(C)(3)**

## INTRODUCTION

The Internal Revenue Service (IRS) previously filed a response, stating that it did not oppose the debtors' motion to continue the stay, provided that any grant of that motion would not prejudice any motions for relief filed by IRS. ECF No. 31. Since filing this response, IRS's counsel and debtors' counsel have communicated in efforts to resolve the IRS's pending Motion for Relief from Stay to Enforce Pre-petition Levy. From these communications, IRS has developed a growing concern about Ms. McKinney's reported income and overall feasibility of this case. As explained further below, debtors' asserted need to use the $38,326.92 the Chapter 13 Trustee (Trustee) is holding, coupled with Ms. McKinney's payment history in her last bankruptcy case, raise questions about whether the debtors are reliably and consistently going to be able to successfully complete a plan in this case.

Due to its concern, the IRS now opposes the debtors' motion to continue the stay. Should the motion be granted, however, the IRS asks that the Court not continue the

1

stay permanently. Instead, the IRS requests that the Court grant a conditional continuance of 30 days and, before granting any permanent continuation, require the debtors to file a confirmable plan and demonstrate an ability to complete that plan.

## **OBJECTION**

### **Background**

On April 27, 2022, Ms. McKinney filed for chapter 13 bankruptcy. W.D. Wis. Bankr. Case No. 22-10661. Per her Schedule I, she reported monthly income of $32,480. 22-10661, ECF No. 17 at 24. She listed expenses of $16,655.65, resulting in a monthly disposable income of $15,824.35. *Id*. at 27. Her chapter 13 plan accordingly proposed monthly payments of $15,815. 22-10661, ECF No. 20 at 1.

Ms. McKinney's first plan payment was due by May 27, 2022; she failed to make that payment, prompting the Trustee's first motion to dismiss the case. 22-10661, ECF No. 25. The Trustee later withdrew the first dismissal motion. *Id*. Ms. McKinney subsequently missed a second plan payment, prompting the Trustee to file his second motion to dismiss on August 10, 2022. 22-10661, ECF No. 33. Before the Court addressed this second dismissal motion, the case was dismissed because Ms. McKinney did not meet the chapter 13 debtor eligibility requirements as of the date of her petition. 22-10661, ECF No. 45.

Between filing for chapter 13 on April 27, 2022, and the case's dismissal on September 20, Ms. McKinney owed four plan payments, for a grand total of $63,260.[1]

---

[1] Ms. McKinney's plan payments of $15,815 were due on May 26, June 26, July 26, and August 26. The Court dismissed her case on September 20, 2022, about a week before the September 26 plan payment was due.

Relying on her reported monthly disposable income of $15,824.35, Ms. McKinney would have earned at least $63,297.40 during the pendency of her bankruptcy case. *See* 22-10661, ECF No. 17 at 24, 27. Despite making enough money to pay all plan payments and being shielded from creditor collection activity by the automatic stay, Ms. McKinney paid the Trustee only $38,326.92 (about two and a half payments) of the full $63,260 due, leaving a shortfall of $24,933.08.

After dismissal of Ms. McKinney's case, the IRS issued a levy on the $38,326.92 that the Trustee was holding. Both the McKinneys filed for chapter 13 on September 27, 2022. They have yet to file schedules or a chapter 13 plan, though they received an extension until October 21, 2022, to do so. ECF No. 30.

Due to having her recent bankruptcy case dismissed within one year of the present case, Ms. McKinney moved to continue the automatic stay beyond its 30-day expiration. ECF No. 24. She included with that motion an affidavit, in which she attests that her "income has remained relatively steady over the past several years and [that she] anticipate[s] that [her] income will remain steady over the length of the chapter 13 plan." *Id*. at 3. Based on this representation in her affidavit, IRS reasonably presumes that Ms. McKinney's income levels are consistent with what she reported in her last case. *See* 22-10661, ECF No. 17 at 24, 27 (Schedules I and J). Therefore, she has earned at least $15,824.35 of monthly disposable income in September (without having made a plan payment because dismissal occurred before it was due) and will have earned another $15,824.35 before her first plan payment in this case is due at the end of October, totaling $31,648.70.

3

## Argument

If a debtor files for bankruptcy but had a previous bankruptcy case dismissed within the last year, then the automatic stay of the second-filed case terminates after 30 days, unless the debtor moves to continue the stay and establishes that the new case was filed in good faith. 11 U.S.C. § 362(c)(3). The Code establishes a presumption that a chapter 13 case has *not* been filed in good faith if there are reasons to conclude that the newly filed chapter 13 case will not result in a confirmed plan that the debtor can perform. § 362(c)(3)(C)(i)(III). Essentially, the Code aims to prevent the continuation of the automatic stay in a case where there are indicia of a debtor being unlikely to propose a confirmable plan and successfully complete that plan. *See id*. IRS has concerns over such indicia already at the early stages of this case.

The first concern relates to the debtors' opposition to the IRS's motion to enforce its pre-petition levy on the $38,326.92 that the Trustee is holding. In their objection, debtors assert that they need this money to make their first plan payment. ECF No. 32. Specifically, the debtors argue in their objection that the money "is necessary for the reorganization due to a recent reduction in self-employment earnings and the funds are necessary to use as plan payments/adequate protection payments in the short term." *Id*. at 1. This statement directly contradicts with the statement in Ms. McKinney's affidavit in support of the motion to continue stay, in which she represents that her income has been steady. ECF No. 24 at 3. These competing statements cannot both be true. Either Ms. McKinney earns a steady income and can make plan payments in this case (as she

represents to this Court to justify continuation of the stay), or her income is so unreliable that she is not able to afford even the first payment.

Per the IRS's calculations, the McKinneys have amassed over $50,000 of *disposable* monthly income since April of this year.[2] In light of these calculations, the IRS cannot identify any plausible explanation for why the McKinneys need the money being held by the Trustee to make their first plan payment.[3] The only conclusion that the IRS can draw is that Ms. McKinney's income is not steady, as represented in her affidavit. If the IRS's conclusion is correct, then the Court cannot rely on Ms. McKinney's affidavit as a basis for continuing the automatic stay. Without this affidavit, however, the debtors have presented no evidence to prove that this case has been filed in good faith, as required by the Code. *See* § 362(c)(3)(C)(i)(III)).

Another relevant concern relates to Ms. McKinney's previous bankruptcy case. Although, on its surface, the dismissal stems only from her ineligibility for chapter 13 at the time of filing her case, it warrants mention that over the short 4.5 months Ms. McKinney was in bankruptcy, her inability (or refusal) to make plan payments prompted not one, but two, motions to dismiss by the Trustee. This troublesome history

---

[2] This number factors in only Ms. McKinney's income. The IRS relied on the amounts reported in Ms. McKinney's schedules filed in her recently dismissed bankruptcy. 22-10661, ECF No. 17 at 24, 27. She earned $24,933.08 during her previous bankruptcy that did not go to the Trustee (because she paid only approximately 2.5 of the 4 plan payments that came due during the case). *See supra*, p. 3. Furthermore, relying on Ms. McKinney's representation in her affidavit that her income is steady, she would have earned another $31,648.70 of disposable income between last month and this month. *Id*.

[3] The amount of the plan payment is unknown at this time because the debtors have not filed their plan, but the proposed plan payment in Ms. McKinney's last case was $15,815. 22-10661, ECF No. 20 at 1.

in Ms. McKinney's previous bankruptcy case, in addition to the concerns expressed above, raise reasonable questions about whether the debtors will be able to successfully perform a chapter 13 plan in this case.

## CONCLUSION

For these reasons, the IRS opposes the debtors' motion to continue the stay. Should the Court grant the motion, however, the IRS requests that the Court grant only a conditional continuance and that the Court, before granting any permanent continuation, require the debtors to file a confirmable plan and demonstrate an ability to complete that plan. The IRS also requests that any order continuing the stay include a provision that states that if the debtors miss a pre-confirmation plan payment, the stay automatically terminates within 10 days of the missed payment.

Dated this 19th day of October, 2022.

Respectfully Submitted,

TIMOTHY M. O'SHEA
United States Attorney

By:

*/s/Theresa M. Anzivino*
Theresa (Esa) M. Anzivino
Assistant United States Attorney
Western District of Wisconsin
222 W. Washington Avenue, Ste 700
Madison, WI  53703
Phone:  (608) 250-5454
theresa.anzivino@usdoj.gov