**UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF WISCONSIN**

*www.wiwb.uscourts.gov*

**CHAPTER 13 PLAN (Individual Adjustment of Debts)**

| | | |
|---|---|---|
| ☑ | October 19, 2022 | Original Plan |
| ☐ | _____ | Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable) |
| ☐ | _____ | Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable) |

DEBTOR: Israel McKinney          JOINT DEBTOR: Jennifer McKinney          CASE NO.: 22-11558

SS#: xxx-xx- 2558          SS#: xxx-xx-8026

**I.      NOTICES**

To Debtors:     Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 3015-1, 3015-2, and 3015-3.

To Creditors:     Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

To All Parties:     The plan contains no nonstandard provisions other than those set out in paragraph VIII. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | | |
|---|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ☑ Not included |
| Nonstandard provisions, set out in Section VIII | ☑ Included | ☐ Not included |

TO ALL PARTIES:
**Unless otherwise provided for in this plan, the Trustee shall disburse payments in the following order: administrative expenses including trustee and attorney fees, secured claims, priority claims, general unsecured claims.**

**II.      PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE**

**A.      MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees beginning 30 days from the filing/conversion date. Debtor(s) will make payments by employer wage order, unless otherwise specified herein. The payments must be made for the Applicable Commitment Period, either 36 or 60 months, or for a shorter period that is sufficient to pay allowed nonpriority unsecured claims in full.

1.  $10,000.00          for          3          months;

2.  $15,000.00          for          3          months;

3.  $16,845.66          for          54          months;

4.  $0.00          for          _____          months;

5.  $0.00          for          _____          months;

6.  $0.00          for          _____          months;

7.  $0.00          for          _____          months;

The total amount of estimated payments to the trustee: $984,665.40

**B.      DEBTOR(S)' ATTORNEY'S FEE:**          ☐ NONE          ☐ PRO BONO

| | | | |
|---|---|---|---|
| Total Fees: $10000.00 | Total Paid: $0.00 | Balance Due: $10000.00 |
| Payable $0.00 /month (Months _____ to _____ ) | | |
| Attorney fees subject to Court Approval | | |

Debtor(s) Darrel McKinney, Jennifer McKinney          Case number: 22-11558

## III.   TREATMENT OF SECURED CLAIMS

### A.   SECURED CLAIMS:   ☐ NONE

[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

1.  Creditor: Marine Credit Union

Address: Attn: Bankruptcy
Po Box 309
Onalaska WI 54650

Arrearage/ Payoff on Petition Date      307,000.00
Regular Payment (Direct)               $3,964.26      /month

Account No.: _____

Other:   Debtor to pay secured home mortgage payment directly to Lender

☑ Real Property                                         Check one below for Real Property:
  ☑ Principal Residence                                 ☑ Escrow is included in the regular payments
  ☐ Other Real Property                                 ☐ The debtor(s) will pay   ☐ taxes   ☐ insurance directly

Address of Collateral:
W5441 Innsbruck Rd West Salem, WI 54669

☐ Personal Property/Vehicle

Description of Collateral: _____

2.  Creditor: Internal Revenue Service

Address: PO Box 7346
Philadelphia PA
19101-7346

Arrearage/ Payoff on Petition Date      1,033,490.33
Arrears Payment (Cure)                 $0.00      /month

Account No.: _____

Other:   See Non-Standard Provision Below

☐ Real Property                                         Check one below for Real Property:
  ☑ Principal Residence                                 ☐ Escrow is included in the regular payments
  ☐ Other Real Property                                 ☐ The debtor(s) will pay   ☐ taxes   ☐ insurance directly

Address of Collateral:
W5441 Innsbruck Rd West Salem, WI 54669

☑ Personal Property/Vehicle

Description of Collateral: All Assets

### B.   VALUATION OF COLLATERAL:   ☑ NONE

## IV.   TREATMENT OF FEES AND PRIORITY CLAIMS [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]

### A.   ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE: ☑ NONE

### B.   PRIORITY TAX CLAIMS:   ☐ NONE

| Total Due: | $555,946.69 | Total Payment | $555,946.69 |
|---|---|---|---|
| Payable | $0.00   /month | | |

### C.   DOMESTIC SUPPORT OBLIGATION(S): ☑ NONE

### D.   OTHER: ☑ NONE

## V.   TREATMENT OF UNSECURED NONPRIORITY CREDITORS

Debtor(s) Israel McKinney, Jennifer McKinney          Case number: 22-11558

**A.** Pay          $0.00          /month

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

**B.** ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

**C.** SEPARATELY CLASSIFIED: ☒ NONE

*Debtor(s) certify the separate classification(s) of the claim(s) listed above will not prejudice other unsecured nonpriority creditors pursuant to 11 U.S.C. § 1322.

**VI.** **EXECUTORY CONTRACTS AND UNEXPIRED LEASES: Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.**

☒ NONE

**VII.** **INCOME TAX RETURNS AND REFUNDS:** ☒ NONE

**VIII.** **NON-STANDARD PLAN PROVISIONS** ☐ NONE

☒ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

(III)(A)(2) - The Internal Revenue Service has an estimated ecured claim in the amount of $1,033,490.33 pursuant to the proof of claim filed in the previous chapter 13 case. The Debtors dispute the secured status of this claim and will file a claim objection under separate cover if necessary. The Debtors believe the secured claim is limited to the value of the assets in the amount of $533,484.82 (assets of $840,484.82 less 1st mortgage on real estate in the estimated amount of $307,000 for a total secured claim in the amount of $533,484.82). The secured claim of $533,484.82 shall be amortized over 90 months at 4.0% interest for a monthly payment of $6,870.94. The Debtors shall pay a monthly adequate protection payment of $6,870.94 to the IRS. The adequate protection payment shall be paid from the Trustee's office once a proof of claim has been filed. Upon confirmation, the Debtors shall continue to pay the IRS in the monthly amount of $6,870.94. The Debtor shall continue this payment after the completion of the chapter 13 plan until the claim is paid in full. If Debtors sell and/or surrender assets to the IRS to reduce the secured claim, the Debtors will be allowed to re-amortized the reduced secured claim over the remaining months left of repayment.

(IV)B) - The Internal Revenue Service filed a proof of claim with a unsecured priority claim in the amount of $234,100.00. The Debtor believes that the unsecured priority claim is in the amount of $412,182.90 and will include the breakdown in the claim objection mentioned above. The priority claim of $412,180.92 shall be paid on a pro-rata basis from the Trustee at 0.0% interest.

The Debtors are using a stepped up plan payment in this case because the Debtors anticipate selling their homestead. The sale of the homestead will reduce the large monthly carrying costs of the real estate. Based upon the estimated value and equity position, the Debtors would anticipate a significant payment upon closing to be applied against the IRS secured claim. The combination of the reduced monthly costs and reduction in claim will allow the Debtors to meet the higher payment amount.

☐ Mortgage Modification Mediation

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

| s/Israel McKinney          Debtor | October 20, 2022 | s/Jennifer McKinney          Joint Debtor | October 20, 2022 |
|---|---|---|---|
| Israel McKinney | Date | Jennifer McKinney | Date |

| s/Greg P. Pittman | October 20, 2022 |
|---|---|
| Attorney with permission to sign on Debtor(s)' behalf | Date |

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph VIII.**