**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

Exhibit 3

In re

Israel R. McKinney                           Case No. 11-61215
Jennifer H. McKinney                         Chapter 7

        Debtors.

Gene W. Doeling, Trustee,                    Adversary No. 12-

        Plaintiff,

v.

Israel R. McKinney,
Jennifer H. McKinney,

        Defendants.

**COMPLAINT FOR MONEY JUDGMENT**
**AGAINST THE DEFENDANTS, AND DENIAL OF DISCHARGE**

    Plaintiff, Gene W. Doeling, by the undersigned attorney, states as follows:

1. Plaintiff is the duly qualified and acting trustee in this case.

2. This Court has jurisdiction under 11 U.S.C. §§ 542 and 28 U.S.C. §§ 1334 and 157.  This adversary proceeding is a core proceeding, under 28 U.S.C. § 157(b)(2)(E), arising under Title 11, U.S.C., and arising in the above-referenced case under Chapter 7 of the Bankruptcy Code, now pending in this Court.

3. The Debtors/Defendants filed bankruptcy on December 13, 2011. Simultaneously, the debtors filed their schedules and Statement of Financial Affairs.

4. The debtors appeared at an initial 341 meeting on January 9, 2012.  A continued 341 meeting was held on March 5, 2012, at which time the trustee questioned the debtors regarding several undisclosed assets, including an undisclosed PayPal account, undisclosed receivables, undisclosed travel trailer and undisclosed domain names.   Between 11/22/11-12/27/11, the debtor deposited over $10,000 into Well Fargo Account no. 9246.  Those deposits occurred as follows; 11/22 of $1,140; 11/25 $1,105; 12/6 $6,087 and a 12/27 deposit of $2,060.   The co-debtor disclosed her self employment income on Schedule I as $1,500 per month.

5. The co-debtor had a Google AdSense account which reflected a balance owing her as of

November 30, 2011 of $2,060.16.   The co-debtor withdrew these funds from her Google account on December 23, 2011, ten days after she filed bankruptcy.   The Google account was not disclosed on the debtors' bankruptcy schedules.

6.      The trustee, on information and belief alleges that the co-debtor had one or more PayPal accounts which had cash in them on the date she filed bankruptcy, which were not disclosed.

7.      The co-debtor had income coming in from New Media Consultants, which was not disclosed.  The co-debtor received a payment from this entity into her PayPal account on December 23, 2011 of $500.

8.      The co-debtor had income coming in from Burst Media which was not disclosed. The debtor had an account receivable from Burst estimated to be around $400 at the time the bankruptcy was filed.

9.      The debtors had a travel trailer which they purchased in the spring of 2010 for $900 and which they still possessed at the time of the bankruptcy filing.  The debtors sold that asset after their bankruptcy filing to a friend for $400.  This trailer was not disclosed on the debtors' bankruptcy schedules.

10.     The debtors purchased a 34 foot Jayco Jayflight camper in early 2011 for $12,000.  They sold this camper in May 2011 and received $9,000 from the sale.   The debtors did not disclose the transfer or sale of this asset in their bankruptcy schedules or at the initial 341 meeting.   The debtors claimed at the continued creditors meeting they did not have to disclose this transaction because they were holding an open title when it was sold, and therefore they never owned the camper.

11.     The co-debtor is a website blogger who earned over $148,000 in blogging and ad revenue in 2011 through her website domains.  The co-debtor blogged on and owned the following domains at the time the bankruptcy was filed, which were not disclosed in the debtors' bankruptcy schedules:

       A.      www.JenniferMckinneyphotography.com

       B.      www.mycharmingkids.net

       C.      www.mckmama.com

       D.      www.mycharmingkids.net/deals

12.     The debtors made the following transfers of cash from the bank accounts which were not disclosed in the Statement of Financial Affairs.

    A.    February 1, 2011- donation of $1,000 to friend's international adoption.

    B.    February 1, 2011-donation of $1000 to GNHI, reported by the debtor to be an African humanitarian organization

    C.    October 3, 2011- Gift of $300 to Nancy Lee Brady, the debtor's mother.

13. In the statement of financial affairs the co-debtor disclosed her 2011 self-employment income as $55,000, when she knew at the time she filed her bankruptcy that her gross income from self-employment was approximately $148,000.

14. Transfer / preference to John Sauls, the co-debtor's father, of $1,200 within one year of the debtors' bankruptcy filing.

15. The trustee, upon information and belief, alleges that the co-debtor has manipulated her income downward during the two month period prior to her bankruptcy filing. She switched off ads on her website/domain to manipulate and lower ad revenue from her website, from which she drew income. Since the debtors' bankruptcy filing, those ads have been turned back on and the co-debtor is again earning money from those ads.

## COUNT I
## 11. U.S.C. § 727(a)(2)(B)

16. The trustee realleges paragraphs 1 through 15 in support of this claim. The debtors have transferred, removed, destroyed, mutilated or concealed or have permitted to be transferred, removed, destroyed, mutilated or concealed, property of the estate after the date of the filing of the petition, namely the funds in the PayPal and Google accounts were undisclosed and have been used by the debtors; the debtor sold the enclosed travel trailer that was not disclosed and which was property of the estate, to a third party.

## COUNT II
## 11 U.S.C. § 727(a)(3)  DENIAL OF DISCHARGE

17. The trustee realleges paragraphs 1 through 16 in support of this claim. The Debtors have concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtors' financial condition or business transactions might be ascertained. The debtors failed to keep adequate books and records from which their financial transactions could be ascertained. The co-debtor was receiving cash payments from photography clients that were not disclosed and for which she has been unable to provide an accounting.

## COUNT III

### 11 U.S.C. § 727(a)(4)  DENIAL OF DISCHARGE

18. The trustee realleges paragraphs 1 through 17 in support of this claim. The debtors knowingly and fraudulently, in or in connection with the case (A) made a false oath or account. The debtors failed to disclose the PayPal account, the Google AdSense account and the domain names through which the debtor was blogging. The debtors failed to disclose the camper, which was sold post-bankruptcy filing. The co-debtor intentionally underrepresented her income on Schedule I, having deposited in excess of $7,000 in the month prior to her bankruptcy filing, yet reporting monthly income of $1,500. The co-debtor also failed to disclose income from Amazon and other affiliate programs from her blog. The Trustee, upon information and belief, believes that the co-debtor has income and/or incentives from Groupon, Logical Media, Eversave, Commission Junction, Double Click and other possible affiliate programs.

WHEREFORE, the Bankruptcy Trustee respectfully requests that the Court issue an Order granting the following relief:

1. Denying the debtors a discharge pursuant to 11 U.S.C. §§ 727 (a)(2)(B), (a)(3) and (a)(4).

2. Granting the plaintiff a judgment against the debtor in the amount of $3,360- the value of the undisclosed PayPal and Google accounts and the trailer sold post-bankruptcy filing. The plaintiff also requests a judgment against the debtors for the value of any other undisclosed assets yet to be discovered and proven at trial.

3. For such other and further relief that is just and proper.

Dated: May 24, 2012

/e/  Gene W. Doeling
Gene W. Doeling, Attorney for Trustee
PO Box 423
Fargo, ND  58107
(701) 232-8757
Reg. #232429