

Exhibit 7

**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: February 10 2022

Mary Ann Whipple
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 21-31933 |
| | ) |
| WAYNE NORTH, | ) Chapter 7 |
| | ) |
| Debtor. | ) Judge Mary Ann Whipple |
| | ) |

**Order Freezing Accounts and Setting Hearing on Lift-Stay Motion**

The United States Internal Revenue Service ("United States" or "Internal Revenue Service") has moved *ex parte*, pursuant to 11 U.S.C. §§ 105(a) and 362(d) and (f) and Bankruptcy Rule 4001(a)(2), for an order freezing the debtor's exempt retirement accounts until the Court can determine its motion to lift the stay to permit the accounts to be levied.

The Court finds as follows:

(1) Internal Revenue Service has through the legal arguments in the motion, the

Affidavit of Pater Sklarew and the Notice of Federal Tax Lien made out a prima facie

case that it has an interest in the account(s) at issue in the motion and as specified below.

(2) The relief authorized in this order is necessary and appropriate to prevent irreparable harm to that interest and potential dissipation of the account(s) at issue pending an opportunity to determine relief from stay on its merits. Notice by the filing of this ex parte motion through the court's CM/CF system via the immediate issuance of a Notice of Electronic Filing is due, proper and sufficient under the circumstances set forth in the Sklarew Affidavit and the legal arguments asserted in the instant ex parte motion. Under the circumstances, the giving of prior advance notice to Debtor and counsel has not been given and is not required. Prior notice of the ex parte motion and an opportunity for hearing in advance of entry of this freeze order would enhance the risk sought to be obviated.

(3) The relief in this order authorizing Internal Revenue Service to take immediate steps to implement through the account holder a freeze of the specified account(s) constitutes a modification of the automatic stay as permitted by 11 U.S.C. §§ 362(a) and (f). It is limited, carefully tailored and necessary to preserve the status quo and Debtor's and Internal Revenue Service's respective claimed interests in the account(s) at issue.

For good cause shown, upon review of the motion papers and the Affidavit of Peter Sklarew, the Court having considered the premises, the Court **GRANTS** the following temporary and provisional relief:

**IT IS ORDERED** that until further order of the Court Wayne North ("Debtor"),his agents, relatives and representatives are prohibited from withdrawing any money from the

exempt retirement accounts identified in Schedules B and C as accounts at Edward Jones (understood to refer to Edward D. Jones & Co., LP) with account numbers ending 155-1-7 and 25-1-6, hypothecating them, or borrowing against them, and, to the extent any funds or assets have been withdrawn or transferred since the petition, Debtor is prohibited from further transferring, spending, or dissipating any funds or assets traceable to said retirement accounts, unless the Court subsequently vacates this order.

**IT IS FURTHER ORDERED** that Edward Jones or any affiliate of Edward Jones that is holding or administering the aforementioned accounts shall freeze the same so that it is not possible for any withdrawals to be made unless or until ordered otherwise by this Court.  This order may be served on Edward Jones by counsel for the United States by telefaxing it to any component of the company that normally receives and processes subpoenas, levies, or garnishment orders.

**IT IS FURTHER ORDERED** that the United States shall attempt to serve Edward Jones by telefax forthwith as provided above.

**IT IS FINALLY ORDERED THAT** a preliminary status hearing shall be held on **March 3, 2022, at 10:00 o'clock a.m.** on the United States' motion for relief from the stay (seeking to enable the IRS to levy the retirement accounts).  Debtor may file any opposition papers no later than 24 hours before the hearing and may include a request to vacate this order in which even the request will not be treated as one for reconsideration and this order shall not be considered to establish any "law of the case" or have any other preclusive effect.  The Clerk will subsequently advise the parties whether the hearing will be telephonic or by video.  The hearing will be non-evidentiary except that the Court will consider evidence submitted by the filing of affidavits or declarations and exhibits that appear to be authentic and subject to the taking of

judicial notice, and will decide whether an evidentiary hearing is warranted or whether the relief may be granted or denied without further proceedings.

###

**Submitted by:**

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Ryan D. Galisewski*
RYAN D. GALISEWSKI
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55, Ben Franklin Station Washington, D.C.  20044
Tel:  (202) 305-3719
Fax:  (202) 514-5238
Ryan.D.Galisewski@usdoj.gov