UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In Re: | In Bankruptcy No: |
| ISRAEL MCKINNEY | |
| JENNIFER MCKINNEY | |
| Debtor(s). | Case No: 22-11558 (Chapter 13) |

**OBJECTION TO INTERNAL REVENUE SERVICE MOTION FOR RELIEF FROM STAY AND ABANDONMENT**

Israel and Jennifer McKinney, debtors by their attorneys, PITTMAN & PITTMAN LAW OFFICES, LLC by Greg P. Pittman, hereby objects to the Motion for Relief from the Automatic Stay and Abandonment filed by the Internal Revenue Service ("IRS") for the following reasons:

1) The Debtors have consented to and agreed to the freeze order of the Individual Retirement Accounts in question. The freeze order eliminates the possibility for the Debtors to withdraw funds from the account.

2) The Debtors filed their Chapter 13 Plan (docket #37) on October 21, 2022. As part of the non-standard provisions, the Debtors have offered a payment of $6,870.94 to the IRS as adequate protection. The figure is based on the secured claim (all assets of the Debtors) and amortized over 90 months. The adequate protection payment of $6,870.94 was intended to convert to the monthly payment to the IRS upon confirmation. In the meantime, the 1st chapter 13 payment of $10,000.00 has been made by the Debtors to Mark Harring's office and the funds are readily available for distribution to the IRS as an adequate protection payment. The Debtors believe that the payment of $6,870.94 is more

than what would be required as adequate protection, however the Debtors wanted to start a meaningful stream of payments while the case is pending confirmation.

3) Although Debtors may not be "using" the funds in a traditional sense of a vehicle of business equipment, the Debtors are using the retirement account as an investment tool for the future benefit of the Debtors through the returns on the investment of the account proceeds. This would be akin to the use of a savings account that may not be "used" in a traditional sense. The cash payment through adequate protection does protect the IRS decrease in value pursuant to §361(1) and in general for the IRS' secured claim.

4) The IRS attempts use argue that it would be in the best interest of the Debtors to turn over the IRA, apply the funds to the secured debt and that the turnover would not interfere with the bankruptcy. However, the IRS intentionally ignores the substantial tax that would be generated in the event that the turn over of the IRA would be forced by the Court. If the IRA was turned over the IRS and completely cashed in, the Debtors believe that there would be an income tax generated in the estimated amount of $74,400.00 ($186,000.00 IRA value at an estimated 40% tax). This tax would be in addition to the taxes generated by the incomes of the Debtors. The turnover of the IRA does not eliminate the secured claim of the IRS, it would only act to lessen the payment on the secured portion. In return, the Debtors would be faced with a substantial tax burden for 2022 (or any subsequent year) that would create an immediate financial harm to the Debtors because of the substantial post-petition tax obligation. This would create an absurd result aimed solely at hurting the Debtors with the extremely high likelihood that the post-petition tax obligation would not be feasible for the Debtors to pay.

**Dated this  11th   day of November, 2022 at La Crosse, Wisconsin.**

                                           **PITTMAN & PITTMAN LAW OFFICES, LLC.**

                                           **By:**    **s/Greg P. Pittman**
                                                           **Greg P. Pittman**
                                                            **Attorney for Debtors**
                                                            **Attorney No. 1073787**
                                                            **712 Main Street**
                                                            **La Crosse, WI  54601**
                                                            **(608) 784-0841**