IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

IN RE:

JENNIFER AND ISRAEL McKINNEY,

       Debtor(s).

Case No. 22-11558
Chapter 13
Hon. Rachel M. Blise

**UNITED STATES' OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

       The United States of America, acting through the Internal Revenue Service (IRS), by Timothy M. O'Shea, United States Attorney for the Western District of Wisconsin, and Theresa M. Anzivino, Assistant United States Attorney, objects to confirmation of Debtors' Chapter 13 plan (the Plan). ECF No. 37. The United States also states its position on modifications required to convince the United States not to object.

       1.       On September 27, 2022, Debtors filed this chapter 13 case. ECF No. 1.

       2.       IRS's timely-filed proof of claim totals $1,426,365.43, consisting of a secured component of $533,484.82 (an amount consistent with Debtors' Plan, as noted below), a priority component of $555,622.65, and a general unsecured component of $337,257.96 Claim No. 5-1.

       3.       Debtors' Plan provides the following treatment for IRS's claim: (1) for the secured claim, the Plan lists an amount of $533,484.82 and proposes to pay that claim over 90 months at 4% interest, resulting in a monthly payment of $6,870.94; (2) for the priority claim, the Plan lists an amount of $412,182.90, which the Debtors propose to pay in full at 0.0%, via 60 monthly payments of $6,869.72; and (3) for IRS's unsecured

1

claim, the Plan does not propose any payments on general unsecured claims. ECF No. 37 at 3. Combining the payments for the secured and priority claims, the Plan proposes to pay IRS a total monthly amount of $13,740.66 for 60 months and $6,870.94 for an additional 30 months.

4.      The IRS first objects to confirmation of the Plan because it does not provide for proper treatment on the secured claim. The IRS agrees, for purposes of plan confirmation, to a secured claim amount of $533,484.82; but the interest rate should be 6%, not 4%, under 11 U.S.C. § 511(b).[1] As for the repayment period, the IRS is entitled to be paid in full over the 5-year plan term. 11 U.S.C. § 1325(a)(5); *In re Pierrotti*, 645 F.3d 277, 279-81 (5th Cir. 2011) (confirmation denied when treatment of IRS proposed to pay secured claim over 15 years). However, the IRS would be willing to agree to the 90 months proposed in the Plan, with 6% interest (compounded monthly), *only if* the secured amount is reduced by the Debtors agreeing to the IRS levy on the IRA account subject to the IRS's pending motion for relief from stay, which, upon information and belief, currently totals about $160,000.[2] ECF No. 42. After application of that amount,

---

[1] Effective October 1, 2022, the applicable interest rate for IRS tax debts was 6%. IRS presumes that interest will remain at this rate for the foreseeable future, such that it will be the applicable rate during the month in which any plan might be confirmed. 11 U.S.C. § 511(b).

[2] To address the tax consequences from the IRA withdrawal, the IRS would not oppose having the account trustee be ordered to withhold the estimated tax liability and send it to the IRS as a deposit toward current tax or directing the IRS to split what it receives and apply part of the funds to current tax. The secured claim accordingly would be reduced by the amount of the IRA payment applied to the $533,484.82 secured (*i.e*, not crediting the withheld amount for the resulting current tax liability), which would require the parties needing to recalculate the monthly payment on the secured claim to be paid at 6% over 90 months. Alternatively, it may be advantageous to the Debtors not to withhold so that a larger portion of the secured claim is paid up front, and instead to agree to pay the resulting new tax through the plan with interest

2

monthly payments on IRS's secured claim would total approximately $5,163.53 (approximately $373,484.82 at 6% over 90 months). This monthly payment is approximately $1,700 less than the proposed monthly payment for the IRS's secured claim, allowing for a necessary increased payment on the IRS's priority claim, being that the amount the Plan lists for IRS's priority claim is too low.[3]  For the IRS to agree to the 90-month treatment of the secured claim, the Plan also must include additional procedural provisions discussed below.

     5.     The IRS further objects to confirmation because the Plan does not provide for full payment of the correct amount of the IRS's priority claim. The Plan lists the IRS's priority tax debt as $412,180.92, but the priority tax debt listed on IRS's proof of claim in this case is $555,622.65. The difference is due to the fact that Debtors fail to recognize the 2018 year tax is entitled priority for two reasons: (1) the return was on extension, and, thus, due less than three years before the petition; and (2) the lookback period is tolled by the previous bankruptcy of Mrs. McKinney.[4] Debtors must amend

---

paid in one or two monthly payments after the 60th month. In other words, the IRS would file a § 1305 claim if (but only if) it will be paid with interest.

[3] If, for example, the parties agreed to withholding of 35% on the IRA withdrawal and the result was that only 65% of $160,000 or $104,000 was applied to the secured claim, the monthly payment required to amortize $420,494.82 over 90 months at 6% would be $5,813.46. This payment would still be about $1,050 less than required to amortize the full $533,484.82.

[4] Due to this increased priority claim, the monthly payments under the plan for the priority claims would need to be $9,260.38 ($555,622.65/60 months), compared to $6,869.72. *Supra* pg. 1 (para. 3). Therefore, should the Debtors agree to amend their Plan consistent with the IRS's proposal herein, the first 60 monthly payments the IRS would receive for its secured claim and priority claim combined would approximate $14,423.91 ($5,163.53 + $9,260.38), versus the $13,740.66 the Plan currently proposes. ECF No. 37 at 3; *see also supra* pgs. 1-2 (paras. 3-4). The remaining 30 payments would be $5,163.53. But this assumes no withholding for current tax on the IRA liquidation so the amount would be higher if withholding is included (see preceding footnote).

their Plan to reflect that this higher amount will be paid in full, over the plan term, as required by 11 U.S.C. § 1322(a)(2). The IRS does not object to payment on its priority claim at 0% interest, but the IRS does object to (IV)(B) in the Non-standard Plan Provisions to the extent that the 0% is intended to prevent post-petition interest accrual on the IRS's priority claim. The IRS contends that, despite not being entitled to interest on its priority claim if a plan is completed, it is entitled to accrual of post-petition interest on its priority claim in the event of a default. In this regard, as a procedural condition, because Debtors want to take an additional 30 months to pay the secured claim beyond the time when they would presumably seek the entry of a discharge, the United States insists that Debtors agree that post-petition interest on the priority claim will be discharged only if they make and complete the 30 additional payments required to satisfy the secured claim.

6. As for the IRS's general unsecured claim, the IRS will accept any treatment of it that is identical to the treatment of other unsecured claims and acceptable to the Court.

7. In addition to the proposed treatment above, the IRS will not agree to confirmation unless the following is included in an amended plan:

    a. A provision that states that should Debtors miss two consecutive Plan payments, and not cure those payments within 7 days of notification to their counsel, via email, the automatic stay will terminate without the need for a further motion or order; and

    b. Debtors must stay current on all post-petition tax obligations,

including timely filing of returns and timely payment of estimated quarterly taxes (with any shortfall paid with a timely return); otherwise, the case shall be dismissed upon affidavit of the IRS. In addition, Debtors must stay current during the additional 30 months of secured claim payments or else the unpaid portion of all the taxes (priority and unsecured general as well) must be deemed not to be discharged by any discharge entered after 60 months.

8. These additional provisions are necessary, reasonable, and justified under the current circumstances. Debtors already missed their first plan payment in this case; and in Ms. McKinney's recent Chapter 13 case, she failed to make several plan payments. The IRS also has concerns about feasibility, especially given Ms. McKinney's decrease in disposable income, and Debtors' inability to account for large sums of money, as described in the IRS's objection to Debtors' motion to continue stay. ECF No. 33 at 2-3, 5. Furthermore, Debtors have demonstrated an inability or unwillingness to remain current on their tax liabilities, which prompted their bankruptcy filing, and this continued during the prior Chapter 13 case when tax payments did not remotely cover a proportional part of the tax that will ultimately be assessed for the 2022 year. The government wants to ensure that Debtors remain current on their liabilities going forward to avoid an increase in their liability and ensure a fresh start, should they successfully complete this Chapter 13 case. In that regard, a final condition of the government's agreement to a plan that does not fully satisfy secured as well as priority taxes in 60 months, is that the Debtors arrange to satisfy any 2022-year tax within a

5

relatively short period after April 15, 2023, if they are not able to fully pay that tax on time, given that 2022 withholdings and estimated payments have been vastly insufficient.

WHEREFORE, the IRS requests that the Court deny confirmation of Debtors' Plan.

Dated December 6, 2022.

                                              Respectfully Submitted,

                                              TIMOTHY M. O'SHEA
                                              United States Attorney

                                              By:

                                              *s/Theresa M. Anzivino*
                                              THERESA (ESA) M. ANZIVINO
                                              Assistant United States Attorney
                                              United States Attorney's Office
                                              222 West Washington Avenue, Suite 700
                                              Madison, WI  53703
                                              Phone: (608) 264-5158
                                              theresa.anzivino@usdoj.gov