UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

In re:

JENNIFER McKINNEY AND
ISRAEL McKINNEY,

Debtors.

Case No. 22-11558
Chapter 13
Hon. Rachel M. Blise

**UNITED STATES' MOTION TO MODIFY STAY TO PERMIT CREDIT (OFFSET) OF 269/365THS OF ISRAEL MCKINNEY'S CLAIMED PETITION-YEAR TAX REFUND AGAINST PREPETITION TAX LIABILITY AND FOR COURT INSTRUCTIONS REGARDING REMAINDER**

The United States of America, acting through the Internal Revenue Service (IRS), by Timothy M. O'Shea, United States Attorney for the Western District of Wisconsin, and Theresa M. Anzivino, Assistant United States Attorney, moves for relief from the stay to permit the IRS to credit 269/365ths or $8,887.33 of the $12,059.00 refund claimed on debtor Israel McKinney's separate 2022-year income tax return against the Debtors' joint prepetition income tax liabilities, pursuant to 26 U.S.C. § 6402(a). The United States also requests instructions as to whether the remaining 96/365ths or $3,171.69 should be turned over to the Chapter 13 Trustee or Debtor Israel McKinney. In support of this motion, the United States submits the following information:

1.      On September 27, 2022, the Debtors filed this chapter 13 case. ECF No. 1. That was the 270th day of 2022. Counting the petition date, there were 96 days remaining in the year (365-269).

2.      While it appears that Debtor Jennifer McKinney owes substantial income tax for year 2022 (more than $100,000), Debtor Israel McKinney has filed a separate return claiming a refund of $12,059 for the 2022 year.

3.      According to *In re Meyers*, 616 F.3d 626 (7th Cir. 2010), a petition-year income tax refund of an individual may be treated partly as a contingent obligation owed to the debtor as of the petition date (and thus property of the estate) and partly as a post-petition tax overpayment (not property of the estate in a chapter 7 case). Absent special circumstances, the allocation can generally be made by considering the number of days in the year preceding the petition compared to the number of days in the year succeeding the petition. *Id*. at 630-31.

4.      As held recently in *In re Pitner*, 633 B.R. 365 (Bankr. N.D. Ind. 2021), the United States has a right to offset the pre-petition allocable portion of a petition-year income tax refund against any prepetition debt owed to the United States (in that case a student loan debt). *Pitner* observes that it is "difficult to conceive how part of the credit or overpayment can constitute a pre-petition interest in property and become property of the bankruptcy estate [as *Meyers* and many other cases have held], but, for the purposes of the creditor's right of setoff, that same credit must be considered a post-petition debt" owed by the IRS to the debtor. *Id.* at 367-68.

5.      Were the refund at issue claimed for a wholly pre-petition tax year, then 11 U.S.C. § 362(b)(26) would render the stay inapplicable to a setoff. But that stay exception refers only to a refund for a taxable period ended before the date of the

2

petition. Accordingly, to accomplish the offset sought by the IRS here, the IRS needs the Court to modify the stay.

6.      In *Pitner*, the IRS had inadvertently violated the stay by first effectuating the setoff, but the Court refused to order the setoff reversed, observing that the IRS would thereupon be entitled to retain the overpayment pending a motion to annul the stay. *Pitner*, 633 B.R. at 368 n.2.

7.      Here, the IRS is retaining the refund without offsetting it, pending a ruling on this motion in which it seeks authority to offset 269/365ths of the claimed refund, or $8,887.33, against the debtors' massive joint prepetition income tax liabilities exceeding $1.4 million.

8.      At the same time, the United States observes that according to the Debtors' Schedules I and J, the remainder of the refund (96/365ths or $3,171.69) appears to be additional disposable income; therefore, the United States requests instructions as to whether the IRS should send the $3,171.69 to the Chapter 13 Trustee or to Debtor Israel McKinney. In computing disposable income, Debtors listed payroll deductions from Israel McKinney's wages of $1,183.45 monthly for "Tax, Medicare, and Social Security deductions." But the 2022 tax return reported zero tax, with an income tax withholding credit of $3,264, plus an earned income credit and another refundable credit. Tax refunds of $12,000 per year are significant but not prorated as additional income on Schedule I. Accordingly, any tax refunds (for any year during a plan if one is confirmed) constitute additional disposable income. That said, the IRS does not consider the amount left to be refunded (assuming 269/365ths may be offset) to be of

3

sufficient magnitude as to take a firm position on its disposition and will defer to the

Court, also subject to any position the Chapter 13 Trustee may wish to assert.

WHEREFORE, the IRS requests that the Court enter an order modifying the stay

to permit the IRS to offset $8,887.33 of the claimed 2022-year tax refund against the

Debtors' joint prepetition tax liabilities and that the Court instruct the IRS as to the

disposition of the remaining $3,171.69.

Dated February 23, 2023.

Respectfully Submitted,

TIMOTHY M. O'SHEA
United States Attorney

By:

_s/Theresa M. Anzivino_
THERESA (ESA) M. ANZIVINO
Assistant United States Attorney
United States Attorney's Office
Western District of Wisconsin
222 West Washington Avenue, Suite 700
Madison, WI  53703
Phone: (608) 264-5158
theresa.anzivino@usdoj.gov