IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IN RE:<br><br>JENNIFER AND ISRAEL McKINNEY,<br><br>Debtor(s). | Case No. 22-11558<br>Chapter 13<br>Hon. Rachel M. Blise |

### UNITED STATES' OBJECTION TO CONFIRMATION OF DEBTORS' AMENDED CHAPTER 13 PLAN

The United States of America, acting through the Internal Revenue Service (IRS), by Timothy M. O'Shea, United States Attorney for the Western District of Wisconsin, and Theresa M. Anzivino, Assistant United States Attorney, objects to confirmation of the Debtors' amended Chapter 13 plan, dated April 13, 2023 (the Amended Plan). ECF No. 126.

1. On September 27, 2022, the Debtors filed this chapter 13 case. ECF No. 1.

2. The IRS's timely-filed proof of claim for $1,426,365.43, consisting of a secured component of $533,484.82, a priority component of $555,622.65, and a general unsecured component of $337,257.96 Claim No. 5. Since the IRS filed its claim, it has received funds that it has applied to the tax debt, including funds from the Chapter 13 Trustee that Mrs. McKinney paid in her previous Chapter 13 case, funds from the levy of an IRA account, funds consisting of Mr. McKinney's 2022 tax refund, and multiple adequate protection payments paid during this Chapter 13 case.

3. The Debtors filed their first Chapter 13 plan on October 21, 2022. ECF No.

1

37. The IRS objected to confirmation of that plan. ECF No. 72.

4. The Debtors' Amended Plan resolves many of the IRS's objections to the initial Chapter 13 plan. The IRS agrees to the payment terms and amount of the listed secured claim and priority claim. The Amended Plan also includes several other default provisions and requirements that were originally listed in the IRS's objection. *Id*. at 4-6. Notably, one of the requirements included in the Amended Plan is that the Debtors stay current on their post-petition taxes, both with respect to timely filing returns and timely payment of any shortfall, or the case will be dismissed upon the filing of an affidavit by the IRS. ECF No. 126 at 3.

8. At the time of filing its objection to confirmation of the Debtors' first plan, the IRS was concerned about Ms. McKinney's 2022 tax liability (in part, because, based on the IRS's records, Ms. McKinney's 2022 withholdings and estimated payments were vastly insufficient to cover her tax liability that was anticipated due to her historic income levels). For that reason, an additional condition for confirmation that the IRS listed in its objection was that the Debtors had to arrange to satisfy any 2022-year tax within a relatively short period after April 15, 2023, if they are not able to fully pay that tax on time. As of the date of this objection, the IRS's records show that Ms. McKinney has not filed her 2022 tax return, nor has she requested an extension to file that return. Furthermore, the Debtors have not responded to the IRS's repeated inquiries on how the Debtors intend to address Ms. McKinney's 2022 tax liability.

9. Because the Amended Plan fails to include the IRS's requested condition

related to the 2022 tax returns[1] and anticipated liability, the IRS objects to confirmation. Furthermore, it is problematic for the Court to confirm a plan that includes a provision that the Debtors already are violating, given Ms. McKinney's failure to file her 2022 tax return.

WHEREFORE, the IRS requests that the Court deny confirmation of the Debtors' Amended Plan.

Dated May 3, 2023.

Respectfully Submitted,

TIMOTHY M. O'SHEA
United States Attorney

By:

*s/Theresa M. Anzivino*
THERESA (ESA) M. ANZIVINO
Assistant United States Attorney
United States Attorney's Office
222 West Washington Avenue, Suite 700
Madison, WI  53703
Phone: (608) 264-5158
theresa.anzivino@usdoj.gov

---

[1] Because Ms. McKinney has failed to file her 2022 tax return, the IRS also has grounds under 11 USC § 521(j)(1) to seek dismissal of this case or conversion to a Chapter 7.