**UNITED STATES BANKRUPTCY COURT, WESTERN DISTRICT OF WISCONSIN**

www.wiwb.uscourts.gov

**CHAPTER 13 PLAN (Individual Adjustment of Debts)**

☐ _____ Original Plan

☒ October 18 2023 _____ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)

☐ _____ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: Israel McKinney    JOINT DEBTOR: Jennifer McKinney    CASE NO.: 22-11558

SS#: xxx-xx- 2558    SS#: xxx-xx-8026

## I. NOTICES

**To Debtors:** Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 3015-1, 3015-2, and 3015-3.

**To Creditors:** Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

**To All Parties:** The plan contains no nonstandard provisions other than those set out in paragraph VIII. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ☒ Not included |
| Nonstandard provisions, set out in Section VIII | ☒ Included | ☐ Not included |

**TO ALL PARTIES:**
Unless otherwise provided for in this plan, the Trustee shall disburse payments in the following order: administrative expenses including trustee and attorney fees, secured claims, priority claims, general unsecured claims.

## II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

**A. MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees beginning 30 days from the filing/conversion date. Debtor(s) will make payments by employer wage order, unless otherwise specified herein. The payments must be made for the Applicable Commitment Period, either 36 or 60 months, or for a shorter period that is sufficient to pay allowed nonpriority unsecured claims in full.

1. $165,000.00 for *paid to date* months;
2. $15,000.00 for *0* months; *Anticipated October 2023 payment*
3. $15,000.00 for 8 months;
4. $20,750.00 for 39 months;
5. $0.00 for _____ months;
6. $0.00 for _____ months;
7. $0.00 for _____ months;

The total amount of estimated payments to the trustee: $1,109,250.00

**B. DEBTOR(S)' ATTORNEY'S FEE:** ☐ NONE ☐ PRO BONO

| Total Fees: | $30000.00 | Total Paid: | $0.00 | Balance Due: | $30000.00 |
|---|---|---|---|---|---|
| Payable | $0.00 | /month (Months ___ to ___) | | | |

Attorney fees subject to Court Approval

Local Form 3015-1.1    12/01/2017    Page 1 of 4

Debtor(s): Israel McKinney, Jennifer McKinney    Case number: 22-11558

## III. TREATMENT OF SECURED CLAIMS

### A. SECURED CLAIMS: ☐ NONE

[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

---

**1. Creditor:** Marine Credit Union

**Address:** Attn: Bankruptcy
Po Box 309
Onalaska WI 54650

**Arrearage/ Payoff on Petition Date:** 307,000.00

**Regular Payment (Direct):** $3,964.26 /month

**Account No.:**

**Other:** Claim has been paid in full by Sale

☒ Real Property
   ☒ Principal Residence
   ☐ Other Real Property

Check one below for Real Property:
☒ Escrow is included in the regular payments
☐ The debtor(s) will pay  ☐ taxes  ☐ insurance directly

**Address of Collateral:**
W5441 Innsbruck Rd West Salem, WI 54669

☐ Personal Property/Vehicle
**Description of Collateral:**

---

**2. Creditor:** Internal Revenue Service

**Address:** PO Box 7346
Philadelphia PA
19101-7346

**Arrearage/ Payoff on Petition Date:** 309,801.19

**Regular Payment (Maintain):** $4,434.33 /month

**Account No.:**

**Other:** See Non-Standard Provision Below

☐ Real Property
   ☒ Principal Residence
   ☐ Other Real Property

Check one below for Real Property:
☐ Escrow is included in the regular payments
☐ The debtor(s) will pay  ☐ taxes  ☐ insurance directly

**Address of Collateral:**
W5441 Innsbruck Rd West Salem, WI 54669

☒ Personal Property/Vehicle
**Description of Collateral:** All Assets

---

### B. VALUATION OF COLLATERAL: ☒ NONE

## IV. TREATMENT OF FEES AND PRIORITY CLAIMS [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]

### A. ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE: ☒ NONE

### B. PRIORITY TAX CLAIMS: ☐ NONE

| Total Due: | $639,028.72 | Total Payment | $639,028.72 |
|---|---|---|---|
| Payable | $0.00 /month | | |

### C. DOMESTIC SUPPORT OBLIGATION(S): ☒ NONE

### D. OTHER: ☒ NONE

## V. TREATMENT OF UNSECURED NONPRIORITY CREDITORS

A. Pay ____$0.00____ /month

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

B. ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

C. SEPARATELY CLASSIFIED:    ■ NONE

*Debtor(s) certify the separate classification(s) of the claim(s) listed above will not prejudice other unsecured nonpriority creditors pursuant to 11 U.S.C. § 1322.

**VI.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES: Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.**

■ NONE

**VII.    INCOME TAX RETURNS AND REFUNDS:** ■ NONE

**VIII.    NON-STANDARD PLAN PROVISIONS** ☐ NONE

■ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

(III)(A)(2) - The Internal Revenue Service has a secured claim in the amount of $412,301.19 pursuant to the amended proof of claim. Debtors are surrendering their interest in their homestead (IRS has pending motion for relief to recoup any excess proceeds above and beyond the Marine Credit Union 1st mortgage). The Debtors' schedules included an amount of $102,500.00 in homestead value attributed to the IRS secured claim. Accordingly, and based upon the surrender of that asset and ability for IRS to recoup on its claim outside of the plan, the secured claim shall be reduced to $309,801.19. This secured claim shall be amortized over 90 months at 7.0% interest for a monthly payment of $4,434.33. Until the plan is confirmed, the Debtors shall make an adequate protection payment of $4,434.33, which will be effective April 2023. Upon confirmation, the Debtors will continue the monthly payment of $4,434.33 and that payment shall continue upon the conclusion of the chapter 13 plan and until paid in full. See attached post-plan agreement.

The Debtors and IRS further agree to the following:
1) No IRS debts will be discharged until after the 90 months (or satisfaction of the IRS secured claim if it occurs prior to 90 months.
2) Post-Petition interest on the IRS priority portion will be discharged only if Debtors make and complete the 30 additional payments required to satisfy the secured claim.
3) Debtors must stay current on their post-petition taxes (including timely filing of returns, timely payment of estimated quarterly taxes, and timely payment of any payment shortfalls) during the additional 30 months of secured claim payments or else the unpaid portion of all the taxes (priority and general unsecured) will be deemed not discharged by any discharge entered upon the completion of the plan.
4) Should Debtors miss 2 consecutive plan payments, and not sure those payments within (7) days of notification to their counsel by email, the automatic stay shall terminate without the need for a further motion or order.
5) Debtors must stay current on all post-petition tax obligations, including timely filing of returns an timely payment of estimated quarterly taxes (along with any shortfall paid with a timely return) or the case will be dismissed upon the filing of an affidavit by IRS.

(IV)(B) - The priority claim includes the current priority tax obligations to the IRS and Wisconsin Department of Revenue. An additional $120,000.00 has been added to the priority tax obligation as a Bankruptcy Code Section 1305 claim to cover the 2022 outstanding tax obligation as previously agreed with the IRS. All future tax obligations will be paid directly by the Debtor to the taxing authorities.

☐ Mortgage Modification Mediation

Debtor(s): Israel McKinney, Jennifer McKinney    Case number: 22-11558

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

| s/Israel McKinney | Debtor | October 20, 2023 | s/Jennifer McKinney | Joint Debtor | October 20, 2023 |
|---|---|---|---|---|---|
| Israel McKinney | | Date | Jennifer McKinney | | Date |

s/Greg P. Pittman    October 20, 2023
Attorney with permission to sign on    Date
Debtor(s)' behalf

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph VIII.**

# POST-PLAN AGREEMENT

Jennifer and Israel McKinney (the McKinneys) and the Internal Revenue Service (IRS), through their respective counsel, enter into this agreement regarding continued payments on the McKinneys' tax liability to the IRS. The following Recitals are to explain the genesis of this agreement and may be used to construe it but any factual error shall not be a ground to alter or modify the Terms.

## Recitals

The McKinneys jointly filed for Chapter 13 bankruptcy on September 27, 2022, in the Western District of Wisconsin Bankruptcy Court, Case No. 22-11558.

1. The IRS filed in the case a proof of claim for $1,426,365.43, consisting of a secured component of $533,484.82, a priority component of $555,622.65, and a general unsecured component of $337,257.96. Following the filing of the bankruptcy case, the IRS received funds that it has applied to the tax debt, including funds from the Chapter 13 Trustee that Jennifer McKinney paid in a previously-dismissed Chapter 13 case, funds from the levy of an IRA account, funds consisting of Israel McKinney's 2022 tax refund, sale proceeds from the sale of the McKinneys' homestead, and adequate protection payments made during the 22-11558 Chapter 13 case.

2. In the McKinneys' proposed Chapter 13 plan, they propose to pay the priority claim in full over the five-year plan term. They propose to pay the secured claim in full over ninety months at 7.0% interest, in monthly payments but the parties recognize that the plan itself cannot extent beyond 60 months and so payments due after that must be agreed to outside the plan. To effectuate that agreement and also to aid in confirmation of the plan, the parties agree as follows:

1

## Terms

1.  The McKinneys shall propose a plan that provides for a term of 60 months with an anticipated completion of September 2027 (the Plan). The Plan will pay the secured and unsecured tax claims of the IRS in part – specifically (a) the priority unsecured claims shall be paid in full through the Plan (with prepetition interest but excluding post-petition interest); (b) the secured claim will be paid by making installment payments during the plan term equal to the amount needed to amortize the secured debt over 90 months at 7% interest compounded monthly pursuant to 11 U.S.C. § 511; and (c) the unsecured general (non-priority claim) will share *pro rata* with other claims of that class whatever amounts are distributed by the chapter 13 trustee toward general unsecured claims.

2.  Upon timely completion of the Plan, any remaining tax liability shall be nondischargeable under 11 U.S.C. § 523(a)(1)(C), but any unpaid balance shall be forgiven as provided below if the McKinneys continue making monthly payments toward the secured claim, starting on [November 1, 2027], and continuing every month on or before the 1st of that month until all 90 monthly payments toward the secured claim have been made (inclusive of those made during the plan term pursuant to the Plan and those made thereafter pursuant to this Agreement). The payments during the plan term will be made by the chapter 13 trustee and the payments made after the plan term will be made directly to IRS by instructions to be provided.

3.  Each of the McKinneys shall remain current with all post-petition tax obligations, including filing returns timely and paying the tax shown thereon to the extent not satisfied by withholdings or quarterly estimated prepayments.

4. If there is no (uncured) default by either of the McKinneys of the above terms during the Plan or after the Plan during the period of continued monthly payments on the secured tax debt, then the remaining balance of the tax liability will be waived and marked satisfied and deemed discharged, despite being otherwise excepted from discharge under 11 U.S.C. § 523(a)(1)(C).

    a. Any default consisting of a missed payment may be cured by making payment within ten days of notice of default, except that if three monthly payments are missed, no notice or opportunity to cure shall be required and the United States may declare the entire then-existing tax liability fully due and owing and pay proceed to collect that liability with the automatic stay deemed lifted for that purpose and the debtors shall have no right to reinstate the stay except by: (1) showing that in fact they did not default; or (2) immediately making up all missed payments before filing any motion to reinstate the stay.

    b. Any default on the obligation to remain current with post-petition tax obligations above shall similarly entitle to the United States to collect the full amount of the then-existing tax liability by any lawful means unless any tax owed is fully paid with interest and penalties and/or any unfiled return that is filed within thirty days of notice of default (subject to obtaining relief from the automatic stay if the bankruptcy discharge has not yet been entered). In addition, any failure to pay post-petition tax other than income tax for the 2022 year (for which a § 1305(b) claim will be filed and qualify as a priority claim), shall entitle the United States at its sole option to dismissal of the case with a one-year prohibition on filing another bankruptcy petition unless another creditor prefers conversion to

3

Chapter 7 and the Court rules in that creditor's favor. If the case is for any reason is converted to Chapter 7, the tax liabilities shall be deemed non-dischargeable under 11 U.S.C. § 523(a)(1)(C) as provided above and the IRS shall be entitled to an order immediately lifting the stay to permit collection of the nondischargeable liabilities for tax and interest as well as any penalties falling under § 523(a)(7).

5. During the plan term, the period of limitations on collection of the taxes is tolled under 26 U.S.C. § 6503(h). During the period following the plan term in which the remainder of the secured debt is to be paid in continued monthly installments, debtors agree that the period of limitations on collection of the taxes shall continue to be tolled and acknowledge that this is authorized as part of the settlement authority of the Attorney General under 26 U.S.C. § 7122 (and by analogy is authorized for IRS installment agreements under 26 U.S.C. § 6502(a)(2)(A)). Should it become necessary for the United States to file a suit for judgment in order to prevent the period of limitations on collection from expiring under § 6502(a), as a result of a default under this Agreement or otherwise, the McKinneys shall consent to judgment promptly after any such suit is filed and service of process is made on them.

6. This constitutes the entire agreement of the parties and may not be modified except in writing signed by all parties, except that a party may unilaterally waive a right of that party under this Agreement if done in writing signed on behalf of that party and no waiver of any right at any time shall be construed to require additional waivers of a similar nature.

7. In the event of any inadvertent inconsistency between the terms of this Agreement and any confirmed Chapter 13 plan, the United States shall have the right to have the plan be modified to make it consistent with this Agreement.

4

Should confirmation of a plan consistent with this Agreement be denied without leave to submit a superseding plan that is consistent with this Agreement, this Agreement shall be null and void.

8. When signed on behalf of the McKinneys this document shall constitute a settlement offer and the signature of the Assistant United States Attorney shall certify that acceptance of the offer has been approved on behalf of the Attorney General. This Agreement is not understood to make any concessions on behalf of the bankruptcy estate and therefore it is the parties' position that a motion to approve this Agreement under Bankruptcy Rule 9019 separate from confirmation of a plan consistent herewith is not required and confirmation of a plan consistent with this Agreement shall be understood to subsume approval of the terms of this Agreement.

Dated this ___ of _____, 2023.

On behalf of the IRS:

s/_____
Theresa M. Anzivino, AUSA

Dated this __20th__ of __October__, 2023.

On behalf of Jennifer and Israel McKinney:

*s/Jennifer McKinney*
Jennifer McKinney, Debtor

*s/Israel McKinney*
Israel McKinney, Debtor

*s/Greg P. Pittman*
Greg P. Pittman, Debtors' Attorney

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

In re: ISRAEL and JENNIFER McKINNEY     Chapter 13
                                                        Case No.: 22-11558

## REQUEST TO AMEND UNCONFIRMED CHAPTER 13 PLAN

1. This request to amend an unconfirmed Chapter 13 Plan supersedes all prior requests to amend the Plan and includes all proposed amendments. Terms not fully stated here or in the original Plan are not part of the Plan.

2. Service: A certificate of service must be filed with this request for plan amendment, together with the amended Western Wisconsin Local Form 3015-1.1.

3. Designate one of the following:

    [X] A copy of this proposed amendment has been served on the parties (the debtor, the trustee, the United States Trustee and all creditors) as required by Fed. R. Bank. P. 3015(g); or

    ____ A motion requesting limited service is being filed simultaneously with the Court.

4. I request the following amendment of the Chapter 13 Plan filed with the Court:

    Plan is amended to incorporate IRS post-plan payment agreement, include estimated Section 1305 post-petition tax claim and increase of attorneys fees

All remaining terms of the original Chapter 13 plan are unaffected. In the event of a conflict between the terms of the original Plan and the terms of this amendment, the terms of this amendment will control.

WHEREFORE, each Debtor requests the Court approve this proposed amendment to the original Chapter 13 Plan.

Local Form No. 3015-1.2    12/01/2017

## UNITED STATES BANKRUPTCY COURT FOR
## THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In Re: | In Bankruptcy No: |
| ISRAEL McKINNEY and JENNIFER McKINNEY | |
| Debtors. | Case No: 22-11558 |

## NOTICE OF AMENDED CHAPTER 13 PLAN

**PLEASE TAKE NOTICE**, that the debtors, Israel and Jennifer McKinney, by their attorneys, PITTMAN & PITTMAN LAW OFFICES, LLC by Greg P. Pittman, has filed an Amended Chapter 13 Plan. A copy of said Amended Plan is attached thereto.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to approve said motion, or if you want the Court to consider your views on the motion, then on or before *November 10, 2023,* you or your attorney must file with the Court, in writing, your position in said matter and request a hearing and file your original document with the *United States Bankruptcy Court, 120 N Henry Street, Rm. 340, Madison, WI 53703* and a copy to *Greg P. Pittman, 712 Main Street, La Crosse, Wisconsin 54601.* If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought by the motion and may enter an order granting that relief.

Dated this ___20th___ day of October, 2023, at La Crosse, Wisconsin.

PITTMAN & PITTMAN LAW OFFICES, LLC

By: s/Greg P. Pittman
Greg P. Pittman
Attorney No: 1073787
Attorney for Debtors
712 Main Street
La Crosse, WI 54601
(608) 784-0841

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| In Re: | In Bankruptcy No: |
|---|---|
| ISRAEL McKINNEY and JENNIFER McKINNEY | |
| Debtors. | Case No: 22-11558 |

## AFFIDAVIT OF SERVICE BY MAIL

| STATE OF WISCONSIN | ) |
|---|---|
| | ) SS |
| COUNTY OF LA CROSSE | ) |

The undersigned being first duly sworn states that a true copy of *the Amended Chapter 13 Plan dated October 18, 2023, Request to Amend, and Notice of Amend Plan* was served upon the individuals on attached list either by electronic filing or by enclosing the same in an envelope postpaid for first class handling which bore the sender's name and return address and addressed to each such individual at their respective post office addresses and deposited in a U.S. Post Office depository in La Crosse, Wisconsin on October __20__, 2023.

s/Wanda Nickelotti
Wanda Nickelotti

Subscribed and sworn to before me
this __20th__ day of October, 2023.

s/Greg P. Pittman
Greg P. Pittman, Notary Public
My Commission is permanent.

```
Label Matrix for local noticing           American Accounts & Advisers              (p)AMERICOLLECT INC
0758-1                                    Attn: Bankruptcy                          PO BOX 2080
Case 1-22-11558-rmb                       Po Box 250                                MANITOWOC WI 54221-2080
Western District of Wisconsin www.wiwb.uscour   Cottage Grove, MN 55016-0250
Eau Claire
Fri Oct 20 12:40:48 CDT 2023

Theresa M. Anzivino                       Nathan Baney                              Bonneville Collections
U.S. Department of Justice                DOJ-Tax                                   Po Box 150621
222 West Washington Avenue                Civil Trial Section, Central Region       Ogden, UT 84415-0621
Suite 700                                 P.O. Box 7238
Madison, WI 53703-2775                    Washington, DC 20044-7238

Credit Bureau Data Inc                    Credit Collection Services                Department of Treasury - Internal Revenue Se
Attn: Bankruptcy                          Attn: Bankruptcy                          PO Box 7346
518 State Street Po Box 2288              725 Canton St                             Philadelphia, PA 19101-7346
La Crosse, WI 54602-2288                  Norwood, MA 02062-2679


Enhanced Recovery Company                 Gundersen Health System                   (p)MARK HARRING
Attn: Bankruptcy                          1900 South Ave.                           ATTN STANDING TRUSTEE
8014 Bayberry Road                        La Crosse, WI 54601-5496                  122 WEST WASHINGTON AVENUE SUITE 500
Jacksonville, FL 32256-7412                                                         MADISON WI 53703-2758


IRS - Centralized Insolvency Operations   (p)US ATTORNEY'S OFFICE WESTERN DISTRICT OF W   Sam E. Kaufman
P.O. Box 7346                             ATTN ESA ANZIVINO                         Vande Zande & Kaufman, LLP
Philadelphia, PA 19101-7346               222 WEST WASHINGTON AVENUE                408 E. Main Street
                                          SUITE 700                                 PO Box 430
                                          MADISON WI 53703-2775                     Waupun, WI 53963-0430

Marine Credit Union                       Marine Cu                                 Israel R. McKinney
Attn: Collections Dept                    Attn: Bankruptcy                          W5441 Innsbruck Rd
P.O. Box 309                              Po Box 309                                West Salem, WI 54669-9316
Onalaska, WI 54650-0309                   Onalaska, WI 54650-0309


Jennifer McKinney                         (p)NATIONAL SERVICE BUREAU                Greg P. Pittman
429 S. 2nd St. N. #322                    18912 NORTH CREEK PARKWAY                 Pittman & Pittman Law Offices, LLC
West Salem, WI 54601                      SUITE 205                                 712 Main Street
                                          BOTHELL WA 98011-8016                     La Crosse, WI 54601-4121


SOUTHEASTERN EMERGENCY PHYSICIANS, LLC    Secretary of Treasury                     Securities and Exchange Commission
c/o Wakefield & Associates, LLC           Treasury Department                       175 West Jackson Boulevard
PO Box 51272                              1500 Pennsylvania Avenue N.W.             Suite 900
Knoxville, TN 37950-1272                  Washington, DC 20220-0001                 Chicago, IL 60604-2908


U.S. Trustee's Office                     VISTA RADIOLOGY PC                        (p)WAKEFIELD & ASSOCIATES
780 Regent Street, Suite 304              c/o Wakefield & Associates, LLC           PO BOX 51272
Madison, WI 53715-2635                    PO Box 51272                              KNOXVILLE TN 37950-1272
                                          Knoxville, TN 37950-1272



Wisconsin Department of Revenue
Special Procedures Unit
P.O. Box 8901
Madison, WI 53708-8901
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Americollect, Inc.
PO Box 1566
Manitowoc, WI 54221

Mark Harring
122 West Washington Ave.
Suite 500
Madison, WI 53703-2578

Internal Revenue Service
United States Attorney's Office
222 West Washington Avenue, Suite 700
Madison, WI 53703

National Service Bureau, Inc
18912 North Creek Parkway
Suite 205
Bothwell, WA 98011

Wakefield & Associates
Attn: Bankruptcy
7005 Middlebrook Pike
Knoxville, TN 37909

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Marine Credit Union

(d)Wisconsin Dept. of Revenue
Special Procedures Unit - PO Box 8901
Madison, WI 53708-8901

End of Label Matrix
Mailable recipients    27
Bypassed recipients     2
Total                  29