IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

IN RE:

JENNIFER AND ISRAEL McKINNEY,

Debtor(s).

Case No. 22-11558
Chapter 13
Hon. Rachel M. Blise

**UNITED STATES' OBJECTION TO CONFIRMATION OF
DEBTORS' SECOND AMENDED CHAPTER 13 PLAN**

The United States of America, acting through the Internal Revenue Service (IRS), by Timothy M. O'Shea, United States Attorney for the Western District of Wisconsin, and Theresa M. Anzivino, Assistant United States Attorney, objects to confirmation of the Debtors' second amended Chapter 13 plan, dated October 20, 2023 (the Second Amended Plan). ECF No. 149.

1.  On September 27, 2022, the Debtors filed this chapter 13 case. ECF No. 1.

2.  The IRS's timely-filed proof of claim for $1,426,365.43, consisting of a secured component of $533,484.82, a priority component of $555,622.65, and a general unsecured component of $337,257.96 Claim No. 5. Since the IRS filed its claim, it has received funds that it has applied to the tax debt, including funds from the Chapter 13 Trustee that Mrs. McKinney paid in her previous Chapter 13 case, funds from the levy of an IRA account, funds consisting of Mr. McKinney's 2022 tax refund, and multiple adequate protection payments paid during this Chapter 13 case.

3.  The Debtors filed their first Chapter 13 plan on October 21, 2022. ECF No.

1

37. The IRS objected to confirmation of that plan. ECF No. 72. The Debtors filed an amended plan in April 2023, which resolved many of the IRS's objections to the initial Chapter 13 plan. ECF No. 126. However, at the time of filing that first amended plan, the IRS had some concerns about compliance with post-petition tax obligations, mainly with respect to Debtor Ms. McKinney. ECF No. 131.

4. Counsel for the United States communicated with counsel for the Debtors ahead of filing this objection to raise several issues regarding the Second Amended Plan:

   a. The proposed amount and payment terms for the IRS's secured claim is incorrect. The interest rate has increased from 7% to 8%, so the increased rate should apply under 11 U.S.C. § 511. The payment amount for the secured claim, however, should not be materially different from the proposed payment amount because the listed secured claim amount in the Second Amended Plan is higher than it should be, being that the IRS needs to apply certain payments received on its claim. The IRS is confirming that amount and counsel for the United States will be promptly sending that revised amount to Debtors' counsel.

   b. The IRS is unable to calculate its full priority amount, including the amount it needs to include on a to-be-filed 1305 claim, because it is waiting on Ms. McKinney's completed 2022 tax returns. The IRS also has to confirm whether the amount being held in the Debtors'

2

counsel's trust account for Ms. McKinney's 2023 anticipated tax withholdings is sufficient to ensure that Ms. McKinney is staying current on her post-petition tax obligations, as required under the terms of the Second Amended Plan.

9. Because of the above-listed lingering issues, the IRS objects to confirmation, with the expectation that the parties will be able to resolve the issues within a reasonable period.

WHEREFORE, the IRS requests that the Court deny confirmation of the Debtors' Second Amended Plan.

Dated November 13, 2023.

>Respectfully Submitted,
>
>TIMOTHY M. O'SHEA
>United States Attorney
>
>By:
>
>*s/Theresa M. Anzivino*
>THERESA (ESA) M. ANZIVINO
>Assistant United States Attorney
>United States Attorney's Office
>222 West Washington Avenue, Suite 700
>Madison, WI  53703
>Phone: (608) 264-5158
>theresa.anzivino@usdoj.gov