**UNITED STATES BANKRUPTCY COURT, WESTERN DISTRICT OF WISCONSIN**
www.wiwb.uscourts.gov

**CHAPTER 13 PLAN (Individual Adjustment of Debts)**

☐ _____ Original Plan
☑ **Feburary 21, 2024** Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)
☐ _____ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

Debtor: **Jennifer McKinney**    SSN: xxx-xx- **xxx-xx-8026**    Case Number: **1-22-11558**
Joint Debtor: **Israel R McKinney**    SSN: xxx-xx- **xxx-xx-2558**

## I. Notices

To Debtors: Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans, and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk.

To Creditors: Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified, or eliminated. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation within 28 days after the completion of the Section 341 meeting of creditors. Additional objection deadlines may apply as set forth in Section IIIC below. The court may confirm this plan without further notice if no objection to confirmation is filed.

To All Parties: This form plan may not be altered other than in the nonstandard provisions in Section VII. The plan contains no nonstandard provisions other than those set out in Section VII.

Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no boxes are checked, the provision will be ineffective even if otherwise provided for in the plan.

**The deadline to object to the amended or modified plan is March 14, 2024.**

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ☑ Not included |
| Nonstandard provisions, set out in Section VII | ☑ Included | ☐ Not included |

**Unless otherwise provided for in this plan, the trustee shall disburse payments in the following order after trustee fees: equal monthly payments to secured creditors, administrative expenses including attorney fees, secured claims paid pro rata, priority claims, general unsecured claims.**

## II. Plan Payments, Length of Plan, and Debtor(s)' Attorney's Fee

A.  **Monthly Plan Payment:** This plan pays for the benefit of the creditors the amounts listed below, including trustee's fees beginning 30 days from the filing/conversion date. Debtor(s) will make payments by employer wage order unless otherwise requested. The payments must be made for the Applicable Commitment Period, either 36 or 60 months, or for a shorter period that is sufficient to pay allowed nonpriority unsecured claims in full.

   1. $ **225,000.00**    Paid to Date;
   2. $ **15,000.00**    (Anticipated February 2024 Payment);
   3. $ **15,000.00**    for **10** months (March 2024 - December 2024);
   4. $ **21,000.00**    for **18** months (January 2025 - June 2026);
   5. $ **26,000.00**    for **15** months (July 2026 - September 2027);

   The total amount of estimated payments to the trustee: **$1,158,000.00**

B.  **Debtor(s)' Attorney's Fee:**    ☐ None ☐ Pro Bono

Unless otherwise ordered, allowed administrative expenses for attorney's fees will be paid by the trustee.

| | | | |
|---|---|---|---|
| Total Fees: **$30,000.00** | Total Paid: **$313.00** | Balance Due: ** | |
| Payable _____ /month (Months _____ to _____ ) | | | |
| Attorneys Fees subject to Court Approval upon separate Application for Approval of Fees | | | |

Debtor(s): **Jennifer McKinney**  
**Israel R McKinney**

Case number: **1-22-11558**

## III. Treatment of Secured Claims

If a secured claim is not provided for in Section III, then the trustee will not disburse any funds to the holder of the claim. If a claim listed in the plan as secured is filed or otherwise allowed as fully unsecured, the trustee will pay the claim as an unsecured claim as provided in Section V, and the claim will not be paid as a secured claim under Section III.

If a secured creditor obtains relief from the automatic stay as to collateral listed in Section III, the trustee will cease further payments to that creditor and, as of the date of entry of the order granting stay relief, the plan will be deemed not to provide for that creditor's secured claims beyond payments actually made to the creditor as of that date.

Payment of Notices filed under Rule 3002.1(c): The trustee will pay post-petition notices of fees, expenses, and charges filed pursuant to Bankruptcy Rule 3002.1(c) ("3002.1(c) Notice") pro rata when the trustee pays other secured creditors, unless the debtor timely objects to the 3002.1(c) Notice. A modified plan may be required to maintain feasibility. If the debtor timely objects, the trustee will pay the amount as determined by the court. The trustee will not pay 3002.1(c) Notice amounts if the plan provides for avoidance of the creditor's lien or the surrender of all property securing the creditor's claim.

A. **Payment in Full:** With the exception of tax claims of governmental units, the claims listed below will be paid in full, with the interest rate stated below. If the plan does not state an interest rate, the proof of claim controls the rate of interest. If no interest rate is listed in the plan or the proof of claim, the plan pays the claim without interest. For tax claims of governmental units, the debtor must state the rate required by 11 U.S.C. § 511 to permit the parties to calculate feasibility.

**The allowed claim amount stated on a proof of claim controls over any contrary claim amount listed in this section, whether the allowed claim amount is higher or lower (applies to Section IIIA only).**

The holder of any allowed secured claim listed in this section will retain its lien as provided in 11 U.S.C. § 1325(a)(5)(B)(i).

B. **Maintenance of Payments and Cure of Default:** The debtor(s) will maintain payments during the case on the allowed secured claims listed below pursuant to 11 U.S.C. § 1322(b)(5).

The trustee will pay the arrearage listed on any allowed proof of claim filed before the deadline under Bankruptcy Rule 3002(c) or 3004. If the interest rate is left blank, the trustee will not pay interest on the arrearage. The installment payments will be paid as indicated below.

Any arrearage and the current monthly installment listed on a proof of claim (or a notice filed pursuant to Bankruptcy Rule 3002.1) control over any contrary amounts stated below.

---

**1**  Creditor: **Internal Revenue Service**  
Address: **PO Box 7346; Philadelphia, PA 19101-7346**  
Account Number:  
Interest Rate: **8.00%**  
Arrearage on Petition Date  **0.00**  
Payoff on Petition Date  **412,301.19**  
**Regular Payment (Maintain)**  **4,452.53 /month**

Disburse adequate protection pre-Confirmation  $ **4,452.53**

Other: See Post-Plan Agreement by and between Debtors and IRS (Attached) - Secured claim has been reduced due to several post-petition payments - The balance as of September 2023 is in the amount of $272,759.73. This secured claim shall be paid over the remaining 79 months (starting October 2023) of 90 month agreement at 8% interest for a monthly payment of $4,452.53. Pursuant to Post-Plan Agreement, payment to the IRS on this secured portion shall continue directly to IRS upon completion of the Chapter 13 Plan.

☐ Real Property  
  ☐ Principal Residence  
  ☐ Other Real Property  
Address of Collateral:

Check one below for Real Property:  
☐ Escrow is included in the regular payments  
☐ The debtor(s) will pay ☐ taxes ☐ insurance directly

☑ Personal Property/Vehicle  
Description of Collateral: **All Assets**

---

Debtor(s): Jennifer McKinney  
Israel R McKinney  
Case number: **1-22-11558**

---

**2**  Creditor: **Marine Cu**  
Address: **Attn: Bankruptcy; Po Box 309; Onalaska, WI 54650**  
Account Number: **7121450100**  
Interest Rate: **0.00%**  
Arrearage on Petition Date  **0.00**  
Payoff on Petition Date  **307,000.00**  
**Regular Payment (Direct)**

Disburse adequate protection pre-Confirmation  $ **0.00**

Other: This claim was paid by the sale of real estate - No further payments are to be made on this claim

☑ Real Property  
  ☐ Principal Residence  
  ☐ Other Real Property  
Address of Collateral: **W5441 Innsbruck Rd West Salem, WI 54669  La Crosse County**

Check one below for Real Property:  
☐ Escrow is included in the regular payments  
☐ The debtor(s) will pay ☐ taxes ☐ insurance directly

☐ Personal Property/Vehicle  
Description of Collateral:

---

**C.** **Valuation of Collateral:** ☑ NONE

**D.** **LIEN AVOIDANCE** ☑ NONE

**E.** **SURRENDER OF COLLATERAL:** Secured claims filed by any creditor granted stay relief in this section shall ot receive a distribution from the Chapter 13 Trustee.

  ☑ NONE

## IV. Treatment of Fees and Priority Claims (as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4))

Trustee's fees are governed by statute, may change during the course of the case, and should not be specified herein.

All allowed priority claims will be paid in full without post-petition interest unless the plan otherwise provides.

The priority debt amount listed on a filed proof of claim controls over any contrary amount listed in this section, unless the court determines that a different amount of the allowed claim is entitled to priority.

**A.** **PRIORITY TAX CLAIMS:** ☐ NONE

| |
|---|
| Name of Creditor: **Internal Revenue Service** <br> Total Due: **$675,622.65** <br> Pro rata dividends will be calculated by the Trustee upon review of filed claims after the bar date. |
| Name of Creditor: **Wisconsin Department of Revenue** <br> Total Due: **$83,406.07** <br> Pro rata dividends will be calculated by the Trustee upon review of filed claims after the bar date. |

**B.** **DOMESTIC SUPPORT OBLIGATION(S):** ☑ NONE ☐ CURRENT AND PAID OUTSIDE

**C.** **OTHER:** ☑ NONE

Local Form 3015-1.1 (Rev. November 15, 2023)      Page 3 of 4

Debtor(s): **Jennifer McKinney**  
**Israel R McKinney**

Case number: **1-22-11558**

### V. Treatment of Unsecured Nonpriority Creditors

A. Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata from any remaining funds after paying other disbursements made in accordance with the plan until either the applicable commitment period is reached or nonpriority unsecured claims are paid in full, whichever comes first.

Pro rata dividends will be calculated by the Trustee upon review of filed claims after the bar date.

B. ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

C. **SEPARATELY CLASSIFIED:** ☑ NONE

### VI. EXECUTORY CONTRACTS AND UNEXPIRED LEASES: Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

☑ NONE

### VII. Non-Standard Plan Provisions

☐ NONE

The Debtors and IRS further agree to the following:
1) No IRS debts will be discharged until after the 90 months (or satisfaction of the IRS secured claim if it occurs prior to 90 months).
2) Post-Petition interest on the IRS priority portion will be discharged only if Debtors make and complete the 30 additional payments required to satisfy the secured claim.
3) Debtors must stay current on their post-petition taxes (including timely filing of returns, timely payment of estimated quarterly taxes, and timely payment of any payment shortfalls) during the additional 30 months of secured claim payments or else the unpaid portion of all the taxes (priority and general unsecured) will be deemed not discharged by any discharge entered upon the completion of the plan.
4) Should Debtors miss 2 consecutive plan payments, and not cure those payments within (7) days of notification to their counsel by email, the automatic stay shall terminate without the need for a further motion or order.
5) Debtors must stay current on all post-petition tax obligations, including timely filing of returns and timely payment of estimated quarterly taxes (along with any shortfall paid with a timely return) or the case will be dismissed upon the filing of an affidavit by IRS.

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

| /s/ Jennifer McKinney | Debtor | February 21, 2024 | /s/ Israel R McKinney | Joint Debtor | February 21, 2024 |
|---|---|---|---|---|---|
| **Jennifer McKinney** | | Date | **Israel R McKinney** | | Date |

/s/ Greg P. Pittman  
**Greg P. Pittman 1073787**  
Attorney with permission to sign on Debtor(s)' behalf

February 21, 2024  
Date

**By filing this document, the Attorney for Debtor(s) [or Debtor(s) if not represented by counsel] certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph VII.**

# POST-PLAN AGREEMENT

Jennifer and Israel McKinney (the McKinneys) and the Internal Revenue Service (IRS), through their respective counsel, enter into this agreement regarding the McKinneys' tax liability to the IRS and payment of that liability in their Chapter 13 bankruptcy Case, No. 22-11558 (Bankr. W.D. Wisc.). The following Recitals are to explain the genesis of this agreement and may be used to construe it, but any factual error shall not be a ground to alter or modify the Terms.

## Recitals

The McKinneys jointly filed for Chapter 13 bankruptcy on September 27, 2022, in the Western District of Wisconsin Bankruptcy Court, Case No. 22-11558.

1. The IRS filed in the case a proof of claim for $1,426,365.43, consisting of a secured component of $533,484.82, a priority component of $555,622.65, and a general unsecured component of $337,257.96. Following the filing of the bankruptcy case, the IRS received funds that it has applied to the tax debt, including funds from the Chapter 13 Trustee that Jennifer McKinney paid in a previously-dismissed Chapter 13 case, No. 22-10661 ($38, 326.92), funds from the levy of an IRA account in early 2023 ($112,324.16), funds consisting of Israel McKinney's 2022 tax refund ($12,059), sale proceeds from the sale of the McKinneys' homestead ($21,590.78), and adequate protection payments made during the 22-11558 Chapter 13 case (totaling approximately $61,000 through September of 2023). Although only $21,590.78 was received by the IRS from the homestead proceeds, the IRS valuation of the secured claim attributed $102,500 to the homestead collateral and so the secured claim is reduced by $102,500 as of the petition date). The secured claim is also reduced by the $112,234.16 from the IRA levy (as of the date the IRS received the funds). The adequate protection

1

payments reduce the secured claim (applied as each payment was received by the IRS). The other two amounts (2022 refund offset and levy on Chapter 13 Trustee in previous case) will be applied to general unsecured liabilities since those assets were not valued in computing the secured claim as filed. After applying the above-referenced post-petition payments and accounting for post-petition interest, the secured claim, as of September 2023, is $272,759.73.

2.  Upon approval of this agreement, the IRS will amend its claim to add a § 1305 claim to its prepetition priority claim in the estimated amount of $120,000 for the 2022 tax year, which will later be further amended to reflect the tax reported for year 2022, plus the applicable penalty for failure to make quarterly estimated payments under 26 U.S.C. § 6654, pursuant to § 507(a)(8)(G) (pecuniary loss penalty related to priority tax). Accordingly, the IRS's priority claim will increase from $555,622.65 to $675,622.65 (subject to adjustment as stated).

3.  In the McKinneys' proposed Chapter 13 plan, they propose to pay the priority claim (including the § 1305 claim) in full over the five-year plan term. They propose to pay the secured claim in full over 90 months at 8.0% interest, in monthly payments but the parties recognize that the plan itself cannot extend beyond 60 months and so payments due after that must be agreed to outside the plan. To effectuate that agreement and also to aid in confirmation of the plan, the parties agree as follows:

### Terms

1.  The McKinneys shall propose a plan that provides for a term with an anticipated completion of September 2027 (the Plan), and, thus, 44 months from the projected confirmation date in January 2024. The Plan will pay the secured and unsecured tax claims of the IRS in part – specifically (a) the priority

2

unsecured claims shall be paid in full through the Plan in equal monthly installments (with prepetition interest but excluding post-petition interest) computed after the pre-confirmation plan payments held by the Trustee are distributed first to pay administration expenses with the balance to be paid toward the IRS priority claim; (b) the secured claim will be paid by making installment payments during the plan term equal to the amount needed to amortize the secured debt over 90 months from confirmation at 8% interest compounded monthly pursuant to 11 U.S.C. § 511; and (c) the unsecured general (non-priority claim) will share *pro rata* with other claims of that class whatever amounts are distributed by the chapter 13 trustee toward general unsecured claims.

  2. Upon timely completion of the Plan, any remaining tax liability shall be nondischargeable under 11 U.S.C. § 523(a)(1)(C), but any unpaid balance shall be forgiven as provided below if the McKinneys continue making monthly payments toward the secured claim, starting upon plan completion, and continuing every month on or before the 1st of that month until all 90 monthly payments toward the secured claim have been made (inclusive of those made during the plan term pursuant to the Plan and those made thereafter pursuant to this Agreement). The payments during the plan term will be made by the chapter 13 trustee and the payments made after the plan term will be made directly to IRS by instructions to be provided.

  3. Except for the 2022 tax year for which a claim under 11 U.S.C. § 1305 will be filed and paid through the plan as an additional priority claim, each of the McKinneys shall remain current with all post-petition tax obligations, including filing returns timely, paying the tax shown thereon to the extent not satisfied by withholdings or estimated prepayments, and commencing

3

immediately and continuing estimated prepayments on at least a quarterly basis, as required under the Internal Revenue Code.

    4.     If there is no (uncured) default by either of the McKinneys of the above terms during the Plan or after the Plan during the period of continued monthly payments on the secured tax debt, then the remaining balance of the tax liability will be waived and marked satisfied and deemed discharged, despite being otherwise excepted from discharge under 11 U.S.C. § 523(a)(1)(C).

        a.     Any default consisting of a missed payment -- either to the Trustee during the plan or to the IRS on the remainder of the secured claim after completion of the plan -- may be cured by making payment within ten days of notice of default, except that if three monthly payments are missed, no notice or opportunity to cure shall be required and the United States may declare the entire then-existing tax liability fully due and owing and pay proceed to collect that liability with the automatic stay deemed lifted for that purpose and the debtors shall have no right to reinstate the stay except by: (1) showing that in fact they did not default; or (2) immediately making up all missed payments before filing any motion to reinstate the stay.

        b.     Any default on the obligation to remain current with post-petition tax obligations shall similarly entitle to the United States to collect the full amount of the then-existing tax liability by any lawful means unless any tax owed is fully paid with interest and penalties and/or any unfiled return that is filed within thirty days of notice of default (subject to obtaining relief from the automatic stay if the bankruptcy discharge has not yet been entered). In addition, any failure to pay post-petition tax other than income tax for the 2022 year (for which a § 1305(b) claim will be filed and qualify as a priority claim), shall entitle the United States at its sole

option to dismissal of the case with a one-year prohibition on filing another bankruptcy petition unless another creditor prefers conversion to Chapter 7 and the Court rules in that creditor's favor. If the case is for any reason is converted to Chapter 7, the tax liabilities shall be deemed non-dischargeable under 11 U.S.C. § 523(a)(1)(C) as provided above and the IRS shall be entitled to an order immediately lifting the stay to permit collection of the nondischargeable liabilities for tax and interest as well as any penalties falling under § 523(a)(7).

5. During the plan term, the period of limitations on collection of the taxes is tolled under 26 U.S.C. § 6503(h). During the period following the plan term in which the remainder of the secured debt is to be paid in continued monthly installments, debtors agree that the period of limitations on collection of the taxes shall continue to be tolled and acknowledge that this is authorized as part of the settlement authority of the Attorney General under 26 U.S.C. § 7122 (and by analogy is authorized for IRS installment agreements under 26 U.S.C. § 6502(a)(2)(A)). Should it become necessary for the United States to file a suit for judgment in order to prevent the period of limitations on collection from expiring under § 6502(a), as a result of a default under this Agreement or otherwise, the McKinneys shall consent to judgment promptly after any such suit is filed and service of process is made on them.

6. This constitutes the entire agreement of the parties and may not be modified except in writing signed by all parties, except that a party may unilaterally waive a right of that party under this Agreement if done in writing signed on behalf of that party and no waiver of any right at any time shall be construed to require additional waivers of a similar nature.

7. In the event of any inadvertent inconsistency between the terms of this Agreement and any confirmed Chapter 13 plan, the United States shall have

Main Document    Page 10 of 15

the right to have the plan be modified to make it consistent with this Agreement. Should confirmation of a plan consistent with this Agreement be denied without leave to submit a superseding plan that is consistent with this Agreement, this Agreement shall be null and void.

8.  When signed on behalf of the McKinneys this document shall constitute a settlement offer and the signature of the Assistant United States Attorney shall certify that acceptance of the offer has been approved on behalf of the Attorney General. This Agreement is not understood to make any concessions on behalf of the bankruptcy estate and therefore it is the parties' position that a motion to approve this Agreement under Bankruptcy Rule 9019 separate from confirmation of a plan consistent herewith is not required and confirmation of a plan consistent with this Agreement shall be understood to subsume approval of the terms of this Agreement.

Dated this 10th of January, 2024.

On behalf of the IRS:

s/Theresa M. Anzivino
Theresa M. Anzivino, AUSA

Dated this __11th__ of __January__, 2024.

On behalf of Jennifer and Israel McKinney:

s/Jennifer McKinney
Jennifer McKinney, Debtor

s/Israel McKinney
Israel McKinney, Debtor

s/Greg P. Pittman
Greg P. Pittman, Debtors' Attorney

6

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re: ISRAEL and JENNIFER McKINNEY    Chapter 13
Case No.: 22-11558

# REQUEST TO AMEND UNCONFIRMED CHAPTER 13 PLAN

1. This request to amend an unconfirmed Chapter 13 Plan supersedes all prior requests to amend the Plan and includes all proposed amendments. Terms not fully stated here or in the original Plan are not part of the Plan.

2. Service: A certificate of service must be filed with this request for plan amendment, together with the amended Western Wisconsin Local Form 3015-1.1.

3. Designate one of the following:

    [X]    A copy of this proposed amendment has been served on the parties (the debtor, the trustee, the United States Trustee and all creditors) as required by Fed. R. Bank. P. 3015(g); or

    ___    A motion requesting limited service is being filed simultaneously with the Court.

4. I request the following amendment of the Chapter 13 Plan filed with the Court:

    Plan is amended to incorporate additional IRS plan language and IRS post-plan payment agreement, and to increase payment sufficient to cover all administrative claims

All remaining terms of the original Chapter 13 plan are unaffected. In the event of a conflict between the terms of the original Plan and the terms of this amendment, the terms of this amendment will control.

WHEREFORE, each Debtor requests the Court approve this proposed amendment to the original Chapter 13 Plan.

Local Form No. 3015-1.2    12/01/2017

UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF WISCONSIN

In Re:  

ISRAEL McKINNEY and
JENNIFER McKINNEY

Debtors.

In Bankruptcy No:

Case No: 22-11558

### NOTICE OF AMENDED CHAPTER 13 PLAN

**PLEASE TAKE NOTICE**, that the debtors, Israel and Jennifer McKinney, by their attorneys, PITTMAN & PITTMAN LAW OFFICES, LLC by Greg P. Pittman, has filed an Amended Chapter 13 Plan. A copy of said Amended Plan is attached thereto.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to approve said motion, or if you want the Court to consider your views on the motion, then on or before *March 14, 2024,* you or your attorney must file with the Court, in writing, your position in said matter and request a hearing and file your original document with the *United States Bankruptcy Court, 120 N Henry Street, Rm. 340, Madison, WI 53703* and a copy to *Greg P. Pittman, 712 Main Street, La Crosse, Wisconsin 54601.* If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought by the motion and may enter an order granting that relief.

Dated this __22nd__ day of February, 2024, at La Crosse, Wisconsin.

PITTMAN & PITTMAN LAW OFFICES, LLC

By: s/Greg P. Pittman
Greg P. Pittman
Attorney No: 1073787
Attorney for Debtors
712 Main Street
La Crosse, WI 54601
(608) 784-0841

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In Re: | In Bankruptcy No: |
| **ISRAEL McKINNEY and** <br> **JENNIFER McKINNEY** | |
| Debtors. | Case No: 22-11558 |

**AFFIDAVIT OF SERVICE BY MAIL**

| | |
|---|---|
| **STATE OF WISCONSIN** | ) |
| | ) SS |
| **COUNTY OF LA CROSSE** | ) |

The undersigned being first duly sworn states that a true copy of *the Amended Chapter 13 Plan dated February 21, 2024, Request to Amend, and Notice of Amend Plan* was served upon the individuals on attached list either by electronic filing or by enclosing the same in an envelope postpaid for first class handling which bore the sender's name and return address and addressed to each such individual at their respective post office addresses and deposited in a U.S. Post Office depository in La Crosse, Wisconsin on February __22__, 2024.

s/Wanda Nickelotti
Wanda Nickelotti

Subscribed and sworn to before me
this __22nd__ day of February, 2024.

s/Greg P. Pittman
Greg P. Pittman, Notary Public
My Commission is permanent.

```
Label Matrix for local noticing          American Accounts & Advisers          (p)AMERICOLLECT INC
0758-1                                   Attn: Bankruptcy                      PO BOX 2080
Case 1-22-11558-rmb                      Po Box 250                            MANITOWOC WI 54221-2080
Western District of Wisconsin www.wiwb.uscour
Eau Claire                               Cottage Grove, MN 55016-0250
Fri Jan 12 10:24:07 CST 2024

Theresa M. Anzivino                      Nathan Baney                          Bonneville Collections
U.S. Department of Justice               DOJ-Tax                               Po Box 150621
222 West Washington Avenue               Civil Trial Section, Central Region   Ogden, UT 84415-0621
Suite 700                                P.O. Box 7238
Madison, WI 53703-2775                   Washington, DC 20044-7238

Credit Bureau Data Inc                   Credit Collection Services            Department of Treasury - Internal Revenue Se
Attn: Bankruptcy                         Attn: Bankruptcy                      PO Box 7346
518 State Street Po Box 2288             725 Canton St                         Philadelphia, PA 19101-7346
La Crosse, WI 54602-2288                 Norwood, MA 02062-2679

Enhanced Recovery Company                Gundersen Health System               (p)MARK HARRING
Attn: Bankruptcy                         1900 South Ave.                       ATTN STANDING TRUSTEE
8014 Bayberry Road                       La Crosse, WI 54601-5496              122 WEST WASHINGTON AVENUE SUITE 500
Jacksonville, FL 32256-7412                                                    MADISON WI 53703-2758

IRS - Centralized Insolvency Operations  (p)US ATTORNEY'S OFFICE WESTERN DISTRICT OF W   Sam E. Kaufman
P.O. Box 7346                            ATTN ESA ANZIVINO                     Vande Zande & Kaufman, LLP
Philadelphia, PA 19101-7346              222 WEST WASHINGTON AVENUE            408 E. Main Street
                                         SUITE 700                             PO Box 430
                                         MADISON WI 53703-2775                 Waupun, WI 53963-0430

Marine Credit Union                      Marine Cu                             Israel R. McKinney
Attn: Collections Dept                   Attn: Bankruptcy                      916 Tyler Street
P.O. Box 309                             Po Box 309                            La Crosse, WI 54601-5532
Onalaska, WI 54650-0309                  Onalaska, WI 54650-0309

Jennifer McKinney                        (p)NATIONAL SERVICE BUREAU            Greg P. Pittman
429 S. 2nd St. N. #322                   18912 NORTH CREEK PARKWAY             Pittman & Pittman Law Offices, LLC
West Salem, WI 54601                     SUITE 205                             712 Main Street
                                         BOTHELL WA 98011-8016                 La Crosse, WI 54601-4121

SOUTHEASTERN EMERGENCY PHYSICIANS, LLC   Secretary of Treasury                 Securities and Exchange Commission
c/o Wakefield & Associates, LLC          Treasury Department                   175 West Jackson Boulevard
PO Box 51272                             1500 Pennsylvania Avenue N.W.         Suite 900
Knoxville, TN 37950-1272                 Washington, DC 20220-0001             Chicago, IL 60604-2908

U.S. Trustee's Office                    VISTA RADIOLOGY PC                    (p)WAKEFIELD & ASSOCIATES
780 Regent Street, Suite 304             c/o Wakefield & Associates, LLC       PO BOX 51272
Madison, WI 53715-2635                   PO Box 51272                          KNOXVILLE TN 37950-1272
                                         Knoxville, TN 37950-1272

Wisconsin Department of Revenue
Special Procedures Unit
P.O. Box 8901
Madison, WI 53708-8901
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Americollect, Inc.
PO Box 1566
Manitowoc, WI 54221

Mark Harring
122 West Washington Ave.
Suite 500
Madison, WI 53703-2578

Internal Revenue Service
United States Attorney's Office
222 West Washington Avenue, Suite 700
Madison, WI 53703

National Service Bureau, Inc
18912 North Creek Parkway
Suite 205
Bothwell, WA 98011

Wakefield & Associates
Attn: Bankruptcy
7005 Middlebrook Pike
Knoxville, TN 37909


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Marine Credit Union

(d)Wisconsin Dept. of Revenue
Special Procedures Unit - PO Box 8901
Madison, WI 53708-8901

End of Label Matrix
Mailable recipients    27
Bypassed recipients     2
Total                  29